C. B. COLES & SON COMPANY v. LOUIS H. LOTHRIDGE.

Argued November 29, 1910—Decided June 28, 1911.

1. A building contract which is altered in a material part after it is filed will not protect the building against the claim of a laborer or materialman for work done or materials furnished after such alteration, unless the contract, as altered, is filed in the office of the county clerk. ·

2. A reduction in the contract price is a material alteration of a building contract. So, too, is a change made in the times of payment which are specified in the contract.

---

On error to the Camden Circuit Court.

For the plaintiff in error, *Bleakly & Stockwell.*

For the defendant in error, *William Early.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action brought upon a mechanics' lien against the United States Engineering Company, builders, and Lothridge, owner, for materials furnished in the erection of a house belonging to Lothridge. Before the commencement of the building a contract for its erection was

entered into between the company and Lothridge, and was regularly filed. The price to be paid to the engineering company, as fixed by the contract, was $4,600. The first payment was to be one-third of the total amount, and was due when the concrete walls were finished to the roof, and the door and window frames set in the wall. The second payment was for a like sum, and was due when the roof was completed, and the frame work for the inside partitions, and the joists and flooring were installed. The third payment was for the remainder of the contract price, and was to be made within twenty days after the house was finished in accordance with the plans and specifications.

The contract was executed on the 1st day of June, 1908, and was filed on the 3d of that month in the Camden county clerk's office. On the 3d of July the engineering company wrote Lothridge as follows: "Dear Sir: In consideration of you making payments to us on account of our contract with you for concrete house at Merchantville, as outlined below, we hereby agree to allow you a discount of $200 on the entire contract. It is further understood that your making payments in this matter does not affect the validity of the original contract. Payments as follows: July 3, $300; July 17 or July 24, balance of first payment if walls are completed. Two weeks after first regular payment $300, and $300 each week thereafter until second payment is due. Balance on contract to be paid as specified in original contract. It is further understood that this company will complete each week work to a value greater than the amount of weekly payments in the judgment of the architect and yourself. Payments made in advance must be covered by bills for labor, material and subcontracts on this house only; and the receipts for such bills must be shown before the next payment is made, or same will not have to be made. Yours truly, etc."

There was evidence that this letter was delivered to Lothridge on the day of its date, at the company's office, and also that it was then agreed between the parties that the contract should be altered in accordance with the suggestions contained in the letter.

It was also shown that the greater part of the materials, to recover the price of which this suit was brought by the plaintiff, were furnished after this alteration in the original contract.

When the case came on to be tried the court, at the close of the testimony on both sides, directed a verdict in favor of the defendant, Lothridge, upon the ground that the building was not liable for the plaintiff's claim. The propriety of this direction is now challenged by the plaintiff in error.

The object of the Mechanics' Lien law, as expressed in its title (*Pamph. L.* 1898, *p.* 538), is the securing to mechanics and others payment for their labor and materials in erecting any building. This object is sought to be accomplished (section 1) by making every building erected in the state, including the curtilage upon which it stands, liable for the payment of any debt contracted and owing to any person for labor performed, or materials furnished in its erection and construction, unless (section 2) it is erected by contract in writing, and the contract, or a duplicate thereof, together with the specifications accompanying it, is filed in the office of the county clerk. The effect of these provisions of the statute is to give to the laborer and materialman a lien upon the building, unless the contract *under which the building is erected,* or a duplicate of it, is filed. The filing of a contract which falsely states the consideration to be paid to the contractor for the erection of the building, will not operate to relieve the building and curtilage from the lien of the laborer or materialman (*Murphey-Hardy Lumber Co.* v. *Nicholas,* 37 *Vroom* 414), nor will the filing of a contract which is afterwards superseded by a new and different agreement, protect against such liens (*Buckley* v. *Hann,* 39 *Id.* 624) ; and the reason is that, in neither of such cases, is the contract which is filed the real agreement of the parties governing the erection of the building.

An important purpose to be accomplished by requiring the filing of the very contract under which the building is erected, is to enable intending laborers and materialmen to ascertain whether its provisions are sufficiently favorable to the contractor to justify the conclusion that the job will be a fairly

profitable one to him. For this must be a potent factor in de-
termining whether or not it will be reasonably safe to extend
credit to the contractor for labor or material, particularly in
those cases where his financial responsibility is questionable.
Unless it was intended that such information should be af-
forded, the object of the statute would have been accomplished
by a mere requirement that notice of the existence of a con-
tract between the owner and the builder should be spread upon
the record.

The same reason which led the Supreme Court to its
decision in Murphey-Hardy Lumber Co. *v.* Nicholas, and
this court to the conclusion which it reached in Buckley *v.*
Hann, is conclusive that a building contract which is altered
in a material particular after it is filed, will not protect the
building against the claim of a laborer or materialman for work
done or materials furnished after such alteration, unless the
contract, *as altered,* is filed in the office of the county clerk.

In the present case the suggested alteration in the original
contract, if it was in fact made, was, in our opinion, a material
one. It consisted in a reduction in the contract price, and a
change in the times of payment. The amount of the reduction
it is true was small, but this, we think, is not an element to be
considered, for once it is conceded that the original price may
be reduced by a secret arrangement between the parties, the
amount of reduction is a matter entirely within their discre-
tion. The change in the time of payment was also material;
for it affected seriously the right given by section 3 of the
statute to laborers and materialmen to impound moneys due
and owing by the owner to the contractor on the contract, or
that might thereafter· become due thereon, as a means of ob-
taining payment for work done upon or materials furnished to
the building.

The right of the one party or the other, therefore, to a ver-
dict, depended upon whether or not the alteration in the con-
tract, set up by the plaintiff, had in fact been made; and that
of course was a matter which should have been left to the jury
for determination.

There was error in the direction of a verdict for the defendant, Lothridge, and for this reason the judgment under review must be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

