ADAM KOSOBUCKI, RESPONDENT, v. EDWARD C. McGARRY ET AL., APPELLANTS.

Argued May 20, 1927—Decided October 17, 1927.

For the appellants, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

Parker, J. The action was to recover back the sum of $2,500, which plaintiff claimed he had been induced to part with, by false and fraudulent misrepresentations of the defendants. The complaint alleged that defendants represented that as a syndicate they had obtained an option on a hotel property, and had resold their option at a considerable

profit, in which plaintiff could participate by contributing his $2,500 to the fund required to perfect the option; that plaintiff, relying on these representations, did so contribute; but that, in fact, the option had not been resold, but merely acquired for speculation, the venture was abandoned and the plaintiffs' money lost.

At the conclusion of plaintiff's case there was a motion to nonsuit, which was denied, and such denial is the sole basis of this appeal.

The motion was put upon the ground that "there is nothing to support this complaint of misrepresentation that induced Adam to enter into this agreement." Such ground we deem broad enough to cover not only the misrepresentation but the inducement.

Our examination of the testimony satisfies us that, although there was evidence for the jury that the defendants represented that they had an option, and told the plaintiffs that they had a "good proposition" and had a buyer for the place, who "would show up in a day or two," and he would make a profit, there was no evidence that the statement when made was false; no evidence that defendant knew it to be false; and what evidence there is tends to show that plaintiff was induced to part with his money, not by the representations above outlined, but on the strength of assurances by one Fox, joined as a defendant, and who suffered judgment by default, that plaintiff need not hesitate because Fox had put his own money into it.

In *Byard* v. *Holmes,* 34 *N. J. L.* 296, the rule was laid down that to maintain an action on the case for deceit, the plaintiff must allege with reasonable certainty, and be prepared to prove—1. That the defendant made some representation to the plaintiff, meaning that he should act upon it. 2. That such representation was false, and that the defendant, when he made it, knew it to be false; and 3, that the plaintiff, believing such representation to be true, acted upon it, and was thereby injured. That rule has been consistently followed in our courts. *Wilkins* v. *Standard Oil Co.,* 70 *N. J. L.* 449; *Lembeck* v. *Gerken,* 86 *Id.* 111; *Feldman* v. *Halpin,* 96 *Id.* 75. Our cases merely state the well-nigh

universal rule. 26 *C. J.* 1062; 12 *R. C. L.* 240. As we have seen, the evidence in the case falls far short of measuring up to its requirements. It was error to refuse the nonsuit, and such error was not cured by any later evidence in the case. There must be a reversal to the end that a *venire de novo* issue.

*For affirmance*—KALISCH, KATZENBACH, VAN BUSKIRK, DEAR, JJ. 4.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, WHITE, McGLENNON, KAYS, HETFIELD, JJ. 9.