ALBERT F. EWART, PLAINTIFF-RESPONDENT, v. DANIEL JOHNSON ET AL., DEFENDANTS-APPELLANTS.

Submitted October term, 1932—Decided June 21, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the appellant Evelyn Liss, *Hodes & Hodes* (*Morris J. Oppenheim,* of counsel).

For the respondent, *Harry R. Cooper.*

PER CURIAM.

The instant case reveals judgment entered against the defendant below, only one of whom, Evelyn Liss, appeals because against her a special judgment on a mechanics' lien claim in the sum of $375.10 was entered.

Mrs. Liss contracted in writing with Johnson, co-defendant, to have him build a house and garage on property owned by her at Bradley Beach, New Jersey. The contract, dated March 30th, 1931, was filed the same day. The consideration to be paid for the construction was $10,000, with the usual provisions that the contractor was to be paid for any extra work not provided for in the contract.

On May 25th, 1931, a supplemental contract, providing for the building of a garage, was made between the same parties. Apparently the garage originally provided for was not suitable and for this change in the contract concerning the garage an additional payment of $1,000 was to be made. This contract was filed on May 27th, 1931.

Ewart, the plaintiff below, was a painter and was hired by Johnson to do the paint work on the premises. On June 25th, he filed a mechanics' notice of intention to make claim for work done, &c., and on October 8th, filed a lien claim within the time designated by the statute. The suit on this claim resulted in a verdict in favor of the mechanic, Ewart, and against all the defendants generally, and, as has been

said, especially attaching a mechanics' lien judgment against the property of Mrs. Liss, the appellant here.

Prior to the trial a motion was made to discharge the mechanics' lien filed against the property, which was denied, and at the end of the case the court found, or most have found in order to justify its judgment, that the contract in question between Mrs. Liss and the builder, Johnson, was tainted with fraud.

There are six grounds of appeal urged by the appellants for a reversal of this judgment. We will only concern ourselves with one of them since that disposes of this appeal.

There was evidence *pro* and *con* that the house and garage in question would cost to build, the sum of $16,000; another witness estimated the cost at $14,000, while there was testimony presented on behalf of Mrs. Liss that the actual contract price of $11,000 was reasonable and profitable to the builder. All this, however, seems to us to be beside the question. The different estimates of the witnesses do not make out fraud. The filed contract contained information for the benefit of the subcontractors and materialmen as to the cost of the work and there is no evidence whatever to indicate, much less prove, that there was any fraud or collusion between Mrs. Liss and the builder, Johnson, which would inure to the detriment of materialmen or subcontractors.

While the building of the structure was going on, the interests of Mrs. Liss, the owner, apparently were being looked after by her husband, Dr. Liss. Now two witnesses testified that Johnson, the general contractor, had told them that Dr. Liss had offered to pay him (Johnson) an additional $1,500 if Johnson would aid Dr. Liss in defeating the claim of materialmen and subcontractors. This testimony was received by the trial court over the objection of counsel for Mrs. Liss. It is apparent from the direct and cross-examination of these witnesses that these conversations had taken place when neither Mrs. Liss nor her husband were present. It was hearsay therefore and not admissible. Our courts will not brand a transaction as fraudulent on hearsay testimony and in the absence of definite proof to sustain such a conclusion. Assuming that the testimony were proper, neither

witness fixes the time as to when this alleged conversation took place with Dr. Liss in his attempt to corrupt Johnson for the defrauding of subcontractors and materialmen and again if the conversation took place after the contract were filed it could have no effect whatever upon the good faith of that contract previously made and filed. Our cases hold that the contract itself must be tainted with fraud and the record before us is devoid of testimony to prove that the filed contract between Mrs. Liss and Johnson was in fact dishonest. *Coles & Son Co.* v. *Lothridge,* 81 *N. J. L.* 406; 80 *Atl. Rep.* 484; *Kosobucki* v. *McGarry,* 104 *N. J. L.* 65; 139 *Atl. Rep.* 31.

As to the other point that the contract filed was superseded by a new and different agreement, it will suffice to say there is no proof in the record that will support this conclusion.

For these reasons, therefore, the judgment against Evelyn Liss will be reversed and a *venire do novo* may issue, costs to abide the event.