THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO A. RIVERA PALMER, Defendant and Appellant.

No. 6437.   Argued June 1, 1937.—Decided June 10, 1937.

*J. Valldejuli Rodríguez* for appellant.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Pedro A. Rivera was convicted of carrying passengers for hire between points along the route of the White Star Bus Line operating under an exclusive franchise over the main highway between San Juan and Río Piedras. The first assignment is that the evidence was insufficient to establish defendant's guilt beyond a reasonable doubt. After a careful examination of all the testimony we have come to the conclusion that appellant is right.

None of the passengers was called as a witness for the prosecution. Those who appeared at the trial testified as witnesses for the defense. During the course of the trial, the defendant's attorney stated to the court that this was not his case, that he had been requested by a brother attorney to try it and that he was not acquainted with defendant's witnesses nor with defendant himself. The only evidence going directly to the question of compensation was hearsay testimony introduced by the district attorney without objection on the part of counsel for the defense. Conceding, for the sake of argument, that, in the absence of objection, such testimony was admissible, the probative value thereof was in this case negligible or at least not sufficient to overcome the presumption of innocence. 23 Corpus Juris 40, section 1783; *Hale v. Hale,* 111 S. E. 740; *Johnson v. Gattegno,* 267 S. W. 740; *Shaw v. McKenzie,* 160 A. 911; *Southern Surety Co. v. Nalle & Co.,* 242 S. W. 196; *Beavers v. Howells,* 140 S. E. 525; *Ewart v. Johnson,* 166 A. 716; *Firemen's Ins. Co. of Newark, N. J. v. Universal Credit Co.,* 85 S. W. (2d) 1061.

A police corporal testified in substance: That at Stop 19, Rivera, travelling toward San Juan, picked up passengers "who were waiting for a bus" and again at Stop 17 picked up passengers "who were also waiting for a bus"; that between Stops 17 and 16, witness and a policeman who were mounted on a motorcycle stopped Rivera and took him to police headquarters and the passengers spontaneously stated

that they "were paying five cents as their fare for transportation to San Juan." Asked by the district attorney if the passengers had made this statement in the presence of the accused, the corporal answered in the affirmative. Asked by the judge whether the accused had said anything, the corporal answered that the accused had said nothing.

On cross-examination, the corporal stated that after signalling Rivera to stop they arrested him; that he was carrying five or six passengers, something like that. Asked where it was that witness had inquired of the passengers as to what they were paying for their transportation, witness answered: "As soon as we had stopped them and taken the names and addresses of the passengers." Continuing, the witness said: that this was between Stops 17 and 16, not at police headquarters; that witness did not remember whether or not the passengers had accompanied him to police headquarters.

The policeman testified: That Rivera was travelling in the direction of San Juan and at Stop 19, "where a number of passengers were waiting for a bus," he stopped and the passengers at his invitation entered the automobile; that at Stop 17 there were also some passengers "waiting for a bus" and Rivera again stopped and took on passengers; that witness and the corporal then stopped Rivera at Stop 17 and arrested him. On cross-examination, the policeman said: That at Stop 19 Rivera picked up something like three passengers and two passengers more or less at Stop 17 and thereupon witness and the corporal stopped him and arrested him and took him to police headquarters at Stop 21; that they did not take the passengers to police headquarters; that witness did not question the chauffeur and did not remember whether or not the corporal questioned him.

Rivera was driving a Ponce car marked as such and duly licensed as a public conveyance. The evidence for the defense established the fact that several of the passengers picked up by Rivera were passengers for Ponce or other

points *en route* and tended to show that some, if not all of the short-hauled passengers had entered the automobile as guests of one of the out-of-town passengers. The evidence for the prosecution falls short of a satisfactory showing that the San Juan passengers, if any, had agreed to pay or would have paid any fare or that Rivera expected to receive or would have received any compensation for their transportation. The passengers who testified as witnesses for the defense, or as many of them as were asked about the statement attributed to them by the police corporal, said that they had made no such statement. The testimony of the corporal as to the spontaneous statement of the passengers is not corroborated by that of the policeman nor by that of any other witness. According to the corporal's own statement, the passengers did not say that they had paid any fare or that they had agreed to pay any fare or that the question of compensation had been discussed with the driver. If any of the passengers had testified at the trial as witnesses for the prosecution and had simply stated on direct examination that they "were paying" a five cent fare, cross-examination might have revealed that by saying that they "were paying" they meant that they had expected to pay or had assumed that they would be required to pay and were willing to pay a five-cent fare. The fact that these statements, if made, were made in the presence of Rivera, is offset by the fact that Rivera was under arrest and was not called upon to commit himself. It is largely because of the inherent weakness of hearsay testimony that it is promptly excluded upon timely objection. Chamberlayne on Evidence, vol. 4, p. 3720, section 2711; p. 3740, section 2726. Because of that inherent weakness as well as because of the meagerness, vagueness and uncertainty of the hearsay testimony in the instant case, it cannot be deemed sufficient to sustain a conviction.

The judgment appealed from must be reversed.

Mr. Justice Córdova Dávila took no part in the decision of this case.