El Pueblo de Puerto Rico, demandante y apelado, *v.* Pedro A. Rivera Palmer, acusado y apelante.

Núm. 6437.—*Sometido:* Junio 1, 1937. *Resuelto:* Junio 10, 1937.

*J. Valldejuli Rodríguez,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Pedro A. Rivera fué convicto de transportar pasajeros por paga entre puntos que estaban dentro de la ruta cubierta por la White Star Bus Line, la que presta servicios, a virtud de una franquicia exclusiva, por la carretera principal existente entre San Juan y Río Piedras. El primer señalamiento es que la prueba era insuficiente para establecer la culpabilidad del acusado más allá de una duda razonable. Después de examinar cuidadosamente toda la prueba hemos llegado a la conclusión de que el apelante está en lo cierto.

Ninguno de los pasajeros fué llamado como testigo de cargo. Los que comparecieron en el juicio declararon como testigos de descargo. Durante el curso del juicio el letrado de la defensa manifestó a la corte que este caso no era de él, que un compañero suyo le había pedido que lo viera y que él no conocía a los testigos del acusado ni al acusado

mismo. La única evidencia que va directamente a la cuestión de paga era prueba de referencia, ofrecida por el fiscal de distrito sin objeción alguna por parte del letrado de la defensa. Admitiendo para los fines de la argumentación que en ausencia de una objeción tal prueba era admisible, el valor probatorio de la misma era, en el caso de autos insignificante, o por lo menos no bastaba para destruir la presunción de inocencia. 23 Corpus Juris 40, sec. 1783; *Hale* v. *Hale,* 111 S. E. 740; *Johnson* v. *Gattegno,* 267 S. W. 740; *Shaw* v. *McKenzie,* 160 A. 911; *Sourthern Surety Co.* v. *Nalle & Co.,* 242 S. W. 196; *Beavers* v. *Howell,* 140 S. E. 525; *Ewart* v. *Johnson,* 166 A. 716; *Firemen's Ins. Co.* v. *Universal Credit Co.,* 85 S. W. (2d) 1061.

Un cabo de la Policía declaró sustancialmente: que en la Parada 19, Rivera, que caminaba en dirección a San Juan, recogió pasajeros "que aguardaban la guagua"; y nuevamente en la Parada 17 recogió otros pasajeros "que también esperaban la guagua"; que entre las Paradas 17 y 16 el testigo y un policía que iban montados en una motocicleta detuvieron a Rivera y lo condujeron al cuartel de la policía y los pasajeros espontáneamente dijeron "que pagaban cinco centavos por su pasaje de allí a San Juan." Preguntado por el fiscal si los pasajeros habían dicho esto en presencia del acusado, el cabo contestó afirmativamente. Interrogado por el juez respecto a si el acusado había dicho algo, el cabo respondió que el acusado nada había dicho. En el contrainterrogatorio el cabo dijo que luego de hacer señales a Rivera para que se detuviera, ellos lo arrestaron. Que conducía cinco o seis pasajeros, algo así. Interrogado dónde fué que el testigo preguntó a los pasajeros lo que pagaban por su transportación, el testigo replicó: "Tan pronto los detuvimos y les tomamos los nombres y residencias a los pasajeros que ocupaban el automóvil." Continuando su declaración, el testigo dijo: que esto sucedió entre las Paradas 17 y 16 y no en el cuartel de la Policía; que el testigo no recuerda si los pasajeros le acompañaron a no al cuartel.

El policía declaró: que Rivera caminaba en dirección a San Juan y que en la parada 19, "donde había un número de pasajeros esperando guagua", el acusado se detuvo y los pasajeros, a instancia de éste, montaron en el automóvil; que en la Parada 17 también había algunos pasajeros "esperando guagua" y Rivera también se paró y cogió algunos pasajeros; que el testigo y el cabo entonces detuvieron a Rivera en la Parada 17 y lo arrestaron. Al ser repreguntado, el policía dijo: que en la Parada 19 Rivera recogió unos tres pasajeros, y dos pasajeros, más o menos, en la Parada 17, y que entonces el testigo y el cabo le detuvieron, lo arrestaron y lo llevaron al cuartel de la policía, que queda en la Parada 21; que no llevaron los pasajeros al cuartel; que el testigo no interrogó al chófer y que no recuerda si el cabo lo interrogó o no.

Rivera conducía un carro de Ponce así marcado, con la correspondiente licencia como vehículo público. La prueba de la defensa establecía el hecho de que varios de los pasajeros recogidos por Rivera eran personas que iban para Ponce o para otros pueblos de la ruta, y tendió a demostrar que algunos, de no ser todos los pasajeros que hacían un corto recorrido, habían subido al automóvil con uno de los pasajeros de fuera de la ciudad, a invitación de éste. La prueba de cargo deja de demostrar satisfactoriamente que los pasajeros de San Juan, de haberlos, habían convenido en pagar o hubieran pagado pasaje o que Rivera esperaba recibir o hubiera recibido remuneración alguna por su transportación. Los pasajeros que declararon como testigos de la defensa, o todos aquéllos a quienes se preguntó respecto a la manifestación atribuídales por el cabo de la policía, dijeron que no habían dicho tal cosa. El testimonio del cabo respecto a la manifestación espontánea de los pasajeros no fué corroborado por el del policía ni por el de ningún otro testigo. Según la propia declaración del cabo, los pasajeros no manifestaron que habían pagado pasaje alguno o que hubieran convenido en pagarlo, o que la cuestión relativa a compen-

728

sación hubiera sido discutida con el chófer. Si alguno de los pasajeros hubiera declarado durante el juicio como testigo de cargo y hubiese manifestado simplemente durante el examen directo ''que pagaban'' cinco centavos de pasaje, el contrainterrogatorio hubiera quizá revelado que al manifestar ''que estaban pagando'' ellos querían significar que esperaban pagar o que habían asumido que se les exigiría que pagaran y estaban dispuestos a pagar cinco centavos por el pasaje. El hecho de que esas manifestaciones, de haberse dicho, fueron hechas en presencia de Rivera, queda neutralizado por el hecho de que Rivera estaba arrestado y no fué llamado a declarar. Es principalmente debido a la flojedad inherente de la prueba de referencia que la misma queda excluída prontamente al presentarse la oportuna objeción. Chamberlayne on Evidence, vol. 4, pág. 3720, sección 2711; pág. 3740, sección 2726. Debido a esa flojedad inherente, así como por la pobreza, vaguedad e incertidumbre del testimonio de referencia en el presente caso, el mismo no puede considerarse suficiente para sostener una convicción.

*La sentencia apelada debe ser revocada.*

El Juez Asociado Señor Córdova Dávila no intervino.