DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE COUNTY OF UNION.

ARTHUR S. REID, PLAINTIFF, v. MILDRED BROWN,
DEFENDANT.

Decided October 24, 1946.

For the plaintiff, *Morris Wurgaft.*

For the defendant, *Joseph A. Lettieri.*

FULOP, D. C. J.   Plaintiff was a tenant occupying the second floor of a two-family house owned by defendant at 821 Chestnut Street, Roselle Park.   He had received assurances that he was welcome to stay indefinitely and would not be disturbed.

In February, 1946, while plaintiff was in the premises, defendant (and her husband who has since died) apparently began proceedings designed to terminate his tenancy and wrote him a letter of explanation and apology. She said that her daughter needed the apartment occupied by plaintiff and could not use the apartment on the first floor of the same building.

On April 10th, 1946, a certificate was issued by the OPA permitting defendant to dispossess the plaintiff.

On or before June 1st, 1946, defendant's daughter entered into an oral agreement with Thomas C. Bracken who occupied the downstairs apartment in the same premises, to exchange apartments. That is, Bracken was to move into the apartment occupied by plaintiff and defendant's daughter and her family were to move into Bracken's apartment. This change was not approved by defendant. She advised against it but did nothing to prevent it and did not notify either the plaintiff or the OPA, although she knew for at least two weeks before the plaintiff moved that the OPA petition had become untrue.

On June 15th, 1946, plaintiff removed from the premises. He put his furniture into storage and took up temporary lodgings in a furnished apartment. Subsequently, he found an unfurnished apartment and moved a second time between June 15th, 1946, and the trial which was held on October 3d, 1946.

Upon plaintiff's removal, Mr. Bracken moved into his apartment and has been a tenant of the defendant ever since. The defendant's daughter moved into the apartment on the first floor theretofore occupied by Bracken.

I am unimpressed by the reasons given by Mr. Bracken and the defendant's daughter for the change of plans.

Plaintiff claims damages.

The only defense offered is that the defendant did not intend to deceive, that she was honest in her original representations, and that she had no part in the change of plans. I believe that she is telling the truth. But, as the owner of the property, she had the power to refuse to permit the change

and to refuse to accept Bracken as tenant of the upstairs apartment.

If the representation made on her behalf in order to obtain the OPA certificate was true when made, it became false before the plaintiff acted upon it. The representation of intention was continuous, both to the plaintiff and to the OPA, until the plaintiff had actually removed. It was defendant's duty to reveal the truth at any time before it resulted in the final action, plaintiff's removal.

By her silence when she had a duty to speak, defendant procured a termination of plaintiff's right to remain in the premises secured to him by the federal statute. Since plaintiff was damaged, he has a cause of action for that.

The cause of action here asserted is not statutory, but based on common law principles.

Plaintiff has furnished me with digests of two cases in trial courts in other jurisdictions which appear to be in point. They are *Preacher* v. *Carlson* in the Municipal Court of Los Angeles, California, decided September 6th, 1946, and *Gruszka* v. *Koshuba* in the Wisconsin Circuit Court, Milwaukee County Branch No. 7, March 20th, 1945. No case in this state on similar facts has been cited to me.

However, no exact precedent is required, for the strength of the common law is the adaptability of the basic principles to new situations. See the erudite exposition of the fundamental law in this type of case by Mr. Justice Heher of the Court of Errors and Appeals in *Kamm* v. *Flink* (1934), 113 *N. J. L.* 583; 175 *Atl. Rep.* 62; 99 *A. L. R.*

Depriving a party of a statutory right by fraud is no less a remediable injury than depriving him of the benefits of a contract.

A cause of action in deceit can also be spelled out. Defendant made her representations to plaintiff as well as to the OPA.

The amount of the damages involves some difficulty. Plaintiff was paying defendant $50 per month for the apartment and garage. He is now paying $75 per month plus 50 cents a night for the garage. There is no evidence as to the com-

parability of the premises.   I cannot allow the difference in cost.

The costs of the two movings are lumped into two items of $74.04 and $11, without explanation.   It may be argued that moving is inevitable for a tenant, and that it should be disallowed by analogy to funeral expenses in a death action. However, the cases are not entirely parallel.   A tenant may live in the same rented premises all his life.   Or he may move periodically all his life and a forced extra move in a shorter period is extra cost.   I shall allow $85.04 for moving, $36.41 for storage, $17.85 for window shades, $23 for linoleum, $54.50 for drapes and rugs, and $30 for miscellaneous expenses, and $50 for discomfort suffered by plaintiff.   The total is $296.80.   The remainder of plaintiff's claim is disallowed.

Judgment for plaintiff and against defendant for $296.80 and $18.68 costs.