JOSEPH A. FRAYNE, PLAINTIFF-APPELLANT, v. MASUD BAHTO, DEFENDANT-RESPONDENT.

Submitted October 31, 1947—Decided March 10, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the appellant, *Mortimer Katz*.

For the respondent, *William F. Nies*.

The opinion of the court was delivered by

HEHER, J. The action is in fraud and deceit.

The state of demand charges the procurement by the defendant landlord from the Federal Office of Price Administration of "a certificate authorizing eviction" of the plaintiff tenant from the demised apartment premises on a fraudulent representation that the landlord "required" the "apartment for himself."

It was alleged that "pursuant to the notice served upon him to remove from the premises upon the ground" that the Price Administration bureau "had authorized this eviction and that" the landlord "required the apartment for himself," the plaintiff tenant "removed from" the apartment; that the landlord "did not require" the "apartment for himself, and in fact, up to the date" of the commencement of the action, had "not occupied the apartment but" permitted "the same to remain vacant," and the representation was false and fraudulent; and that as a result of the fraud thus practiced, the plaintiff tenant "was subjected to several court proceedings" and was put to the expense of "storage, moving," and the like, and "was forced to rent an apartment in a hotel at a considerably higher rental" than that paid for the premises vacated.

The issue was tried by the judge without a jury; and there was judgment for defendant.

The agreed state of the case reveals no error in matter of law. It sets forth these findings of fact: On September 27th, 1945, the Price Administration bureau issued to the defendant landlord a certificate authorizing him "to proceed to evict" the plaintiff tenant "in accordance with the local

law· * * * based upon the fact" that the landlord "had alleged that he needed the premises for self-occupancy." On March 29th, 1946, the plaintiff tenant "was served with a customary thirty days' notice to vacate and thereafter an action to dispossess was brought in the Orange District Court." The parties to the action "appeared before" the court on May 22d following, "and a judgment for possession was entered by the plaintiff herein consenting to such judgment for possession and by the landlord agreeing that no warrant be issued for one month;" and "Thereafter," the tenant "then voluntarily removed from said premises and no warrant issued." The defendant landlord "permitted the said premises to remain vacant until November 1st, 1946, when" he "sold the building." It is further certified that a realtor, sworn as a witness at plaintiff's instance, testified that defendant "had solicited his services on March 13th, 1946, and listed the property with him for sale at that time;" that defendant testified that "the reason that he did not occupy the premises for himself and his family was because his wife became ill and on a physician's advice they remained in the premises which they were then occupying;" and that there was a finding merely "of no cause for action," without a statement of the grounds of the decision.

The specifications of error, or such of them as are legally sufficient, raise only the question of the existence of evidence to sustain the judgment; and we find it to be without substance.

On the record made, the judgment is sustainable as grounded in a finding that the evidence did not establish the fraud and deceit charged, and thus a finding of fact conclusive on error. *R. S.* 2:32–202. The argument, in brief, is that the evidence "clearly shows that the landlord at no time intended to occupy the premises himself," and "from the facts" there can be "no question but that he acted in bad faith and was guilty of fraud and deceit."

A judgment presupposes a finding of fact in favor of the successful party, even if such finding be not expressed in terms. And where the conclusion of the District Court rests upon a mixed question of law and fact, the judgment will not

be reversed if the conclusion is legally inferable from the facts proved. Unless a contrary showing be made, a fact found by the judge is presumed to rest upon competent proof, and the appellate court will assume a finding of fact that will support the judgment. *Pollack* v. *New Jersey Bell Telephone Co.*, 116 *N. J. L.* 28.

In this view it is unnecessary to consider the question of whether the subject-matter of this action constitutes a collateral attack on the judgment of dispossession in the tenancy proceeding as an adjudication grounded in false testimony. *Vide, Kantor* v. *Kessler*, 132 *N. J. L.* 336; *West New York Improvement Co.* v. *Town of West New York*, 88 *N. J. Eq.* 571. The agreed case does not show that this is the issue upon which the finding below turned. The gravamen of the cause of action alleged in the state of demand is fraud in the proceeding before the Federal bureau which induced action under Federal law prerequisite to dispossession of the tenant under a state law, and not fraud or false testimony in the dispossession suit itself. As noted, judgment in the dispossession proceeding was entered by consent.

Judgment affirmed, with costs.