This is an appeal from an order of the Superior Court, Law Division, striking a complaint and entering judgment for the defendant. The plaintiff, Harold Lyster, was a tenant of the defendant in property in the City of Passaic. In February, 1948, the defendant landlord served notice upon him demanding possession of the premises on or before April 1, 1948, and representing that she required them for her personal use and occupancy, one of the grounds needed to give the court jurisdiction. On April 2, 1948, a dispossess proceeding was instituted in the Passaic District Court. The matter came on before the court and a judgment for possession was entered, based on the allegation of need for personal use of the landlord, but the issuance of a warrant was withheld by the court until July 1, 1948. On June 1, 1948, after judgment for possession and before a warrant of dispossession issued, plaintiffs vacated the premises. Thereafter, the plaintiffs instituted suit in the Superior Court alleging that defendant represented to them and to the District Court that she required the premises for her own use, that said representation was false, that the plaintiffs relied thereon as did the District Court Judge and as a result, the plaintiffs moved from the premises on June 1, 1948, and, because of the fraudulent representations of the defendant, were damaged in the amount of $2,500. The defendant filed an answer setting up a general denial. Plaintiffs and defendant each moved for summary judgment. The court granted the defendant's motion striking the complaint and entered judgment for defendant.
The elements to support an action for fraud and deceit are succinctly stated in Racanati v. Black Diamond Stevedoring Co.,132 N.J.L. 250 (E. A. 1944), "Where false representations are willfully made as to a material fact, for the *Page 80 
purpose of inducing another to act upon them, and he does so to his injury, he may recover such damages as proximately result from the deception."
There appears to be no case in the appellate courts of this State deciding whether an action of fraud and deceit will lie under the factual situation here present. Such actions have been sustained in the trial courts. Cf. Reid v. Brown,24 N.J. Misc. 350 (Dist. Ct. 1946); Spillner v. Guenther, 26 Id.159 (Sup. Ct. Circuit 1948). In Frayne v. Bahto, 137 N.J.L. 109
(Sup. Ct. 1948), a verdict for the tenant in an action against a landlord for wrongfully dispossessing the tenant was affirmed. The action was based on fraud and deceit but the opinion indicates that the decision turned upon the point that the specification of error raised only the question of the existence of evidence to sustain the judgment and that specification the court found to be without substance. This case did not go to the Court of Errors and Appeals.
In New York the case of Alabiso v. Schuster,273 App. Div. 655, 80 N.Y.S.2d 314 (App. Div. 4th Dept. 1948), deals with the question. We quote therefrom at length:
"The complaint alleges that the plaintiff-respondent was a tenant of the defendant-appellant; that the landlord petitioned the Rent Director of the Office of Price Administration for a certificate permitting the eviction of the tenant, alleging and representing that he required the housing accommodations for his own personal use and occupancy; that a copy of the petition was mailed to the tenant; that a certificate was issued authorizing removal or eviction in six months; that relying on the petition and certificate the respondent moved out and that the appellant did not thereafter occupy the housing accommodations for his own use but rented them to another. * * *
"The plaintiff-respondent does not seek to set aside or impair the finality of the certificate. He has abided by it. He did not wait to be ousted in summary proceedings. He is seeking damages for the fraud and deceit practiced upon him by which the landlord obtained the certificate. It is the fraudulent means employed which forms the basis of the cause of *Page 81 
action. The issuance of the certificate was but a step in the fraud. It is our opinion that the fraud complained of here is not intrinsic but is extrinsic. The false and fraudulent statements of the defendant which led up to the issuance of the certificate, that he intended to use the housing accommodations for himself was such as to deceive the plaintiff and to induce him to refrain from contesting the question of good faith of the landlord. The state of mind of the defendant was within the knowledge of the defendant alone. He was the only source of establishing his good faith and truthfulness. Whether the defendant was acting in good faith could not be controverted by the plaintiff until the subsequent events disclosed the fraud and deceit. To oppose the granting of the certificate would have been an idle thing. Where a person is bound to rely on the representations made to him and has no means of controverting them and no means of ascertaining whether or not they are true and made in good faith, it can hardly be said that he has no redress thereafter when at a later date, it becomes evident that the representations were false and fraudulent. * * *
"In this action, the plaintiff does not seek to set aside the certificate. He recognizes its finality. The fact that it is final unless attacked under the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, §§ 901 et seq., does not, we think bar a common law action for fraud and deceit in which the issuance of the certificate is only a step in the overall fraud. The fraud is essentially in the deceitful method employed to obtain the certificate and in its use. A judgment may be fully recognized and be unimpeachable but that does not bar an action for fraud and deceit. The judgment is but a means of perpetrating the fraud."
We are not unmindful of the case of Rosenbluth v. Sackadorf,76 N.Y.S.2d 447; reversed by the Appellate Division,79 N.Y.S.2d 524; reversal affirmed, 83 N.E.2d 158. Neither the opinion of the Court of Appeals nor that of the Appellate Division in Rosenbluth v. Sackadorf, supra, discussed the right to maintain the action of fraud and deceit and we do not know upon what theory the reversals were *Page 82 
grounded. However, the Appellate Division cited David v.Fayman, 78 N.Y.S.2d 188 (App. Div. 1948), which is clearly distinguishable since the tenant in that case relied upon a stipulation staying the execution of the warrant of eviction for two months. The court held that retention of that benefit was inconsistent with the bringing of an action for fraud and deceit.
In the instant case the plaintiff does not seek to attack the judgment in the District Court. His attack is upon the fraudulent means used by the defendant to obtain possession of the premises. We conclude that the judgment should be reversed for the reasons stated by Mr. Justice Kimball in the Alabiso case.
The judgment under appeal is reversed.