Defendants appeal from a judgment entered against them by the District Court for the Second Judicial District of the County of Union, sitting without a jury.
In his State of Demand, plaintiff complains that defendants made false and fraudulent representations with intent to deceive the Office of Price Administration into granting permission to remove plaintiff and family from their apartment, *Page 184 
on the ground that they required the premises for their personal occupancy; that defendants made similar representations to plaintiff, knowing them to be false, with intent to deceive plaintiff, to his great damage and discomfort; that plaintiff, relying upon the truthfulness of said representations, after defendants had on or about May 1, 1947, served upon plaintiff notice to quit the premises, voluntarily moved on June 1, 1947. Plaintiff's proofs supported these charges.
The proofs establishing the fraud and deceit of defendants practiced upon plaintiff are: After plaintiff vacated the apartment, defendants never occupied same; that, on or about September 1, 1947, they re-let it to another tenant; that the new tenants had been promised the apartment by defendants "a considerable" time before it was rented to them in August, 1947; that defendants knew "a couple of days" before plaintiff moved that they did not intend to take possession, but did not so inform plaintiff.
Defendants, who conducted a business on the first floor, offered testimony to establish that their representations were truthful at the time they were made. Mrs. De Fabio testified that the reason that she and her husband did not move into the premises after plaintiff vacated same was because of the fact that she and her husband found it necessary to remain near Mrs. De Fabio's ill mother, in order to minister to her daily; that it would have been impossible to perform these ministrations and travel back and forth to the premises in question; that defendants were compelled, therefore, to abandon their original purpose to personally occupy the premises. The trial court, in its opinion, stated that it did not believe Mrs. De Fabio. Her husband, Antonio De Fabio, one of the defendants, for some unexplained reason, did not testify.
The gravamen of plaintiff's complaint is fraud and deceit charged against defendants. To succeed in such an action the principle of law applicable thereto is well established. It is succinctly stated in Plimpton v. Friedberg, 110 N.J.L. atp. 428 (E. A. 1933), wherein Mr. Justice Case, speaking for the court, stated: *Page 185 
"The rule as to pleading and proof in actions for deceit has been tersely stated to be that the plaintiff must allege with reasonable certainty and be prepared to prove: (1) that the defendant made some representation to the plaintiff meaning that she should act upon it; (2) that such representation was false, and that the defendant, when he made it, knew it to be false; (3) and that the plaintiff, believing such representation to be true, acted upon it and was thereby injured. Kosobucki v. McGarry,104 N.J.L. 65."
And, in Racanati v. Black Diamond Stevedoring Co., Inc.,
132 N.J.L. at p. 251 (E. A. 1944), Mr. Justice Heher, speaking for the court, stated:
"Where false representations are willfully made as to a material fact, for the purpose of inducing another to act upon them, and he does so to his injury, he may recover such damages as proximately result from the deception. Kujek v. Goldman,150 N.Y. 176, 44 N.E. Rep. 773."
In the recent case of Lyster v. Berberich, 3 N.J. Super. 78
(App. Div. 1948), in an action somewhat analogous to the issue here, Judge Colie, speaking for the court, said:
"There appears to be no case in the appellate courts of this state deciding whether an action of fraud and deceit will lie under the factual situation here present. Such actions have been sustained in the trial courts. Cf. Reid v. Brown, 24 N.J. Mis.R. 350 (Dist. Ct. 1946); Spillner v. Guenther, 26 Id. 159
(Sup. Ct. Cir. 1948). In Frayne v. Bahto, 137 N.J.L. 109
(Sup. Ct. 1948), a verdict for the tenant in an action against a landlord for wrongfully dispossessing the tenant was affirmed."
In this case (Lyster v. Berberich, supra) the order of the Superior Court, Law Division, dismissing the tenant's complaint and entering judgment for the defendant was reversed.
Our review of the proofs convinces us that the representations charged to the defendants were knowingly false and fraudulent when made with the intent to deceive the Office of Price Administration and plaintiff and that plaintiff believing them, acted upon them to his financial loss and discomfort. As stated in the case of Alabiso v. Schuster, 273 App. Div. 655,80 N.Y.S.2d 314 (App. Div. 4th Dept. 1948), the court held,inter alia: *Page 186 
"The plaintiff-respondent does not seek to set aside or impair the finality of the certificate. He has abided by it. He did not wait to be ousted in summary proceedings. He is seeking damages for the fraud and deceit practiced upon him by which the landlord obtained the certificate. It is the fraudulent means employed which forms the basis of the cause of action. The issuance of the certificate was but a step in the fraud. It is our opinion that the fraud complained of here is not intrinsic but is extrinsic. The false and fraudulent statements of the defendant which led up to the issuance of the certificate, that he intended to use the housing accommodations for himself was such as to deceive the plaintiff and to induce him to refrain from contesting the question of good faith of the landlord. The state of mind of the defendant was within the knowledge of the defendant alone. He was the only source of establishing his good faith and truthfulness. Whether the defendant was acting in good faith could not be controverted by the plaintiff until the subsequent events disclosed the fraud and deceit. To oppose the granting of the certificate would have been an idle thing. Where a person is bound to rely on the representations made to him and has no means of controverting them and no means of ascertaining whether or not they are true and made in good faith, it can hardly be said that he has no redress thereafter when at a later date, it becomes evident that the representations were false and fraudulent. * * *"
The issue requiring our determination is a factual one. UnderR. 1:2-20 and 4:2-6 this court may review the issues of fact not determined by the verdict of a jury and new or amended findings of fact may be made, "but due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." The trial court, having had the opportunity to judge the credibility of Mrs. De Fabio, stated he did not believe her explanation as to her alleged change of mind about occupying the apartment. The trial court's findings of fact are quite persuasive and, in our opinion, supported by the proofs.
The judgment below is affirmed, with costs. *Page 187