This is an appeal by the defendant-appellant from a judgment of "no cause for action on the counterclaim" entered in the First Judicial District Court of the County of Middlesex.
The parties contracted for the installation by plaintiff of conditioning equipment which included a single phase 7 1/2 h.p. motor. The contract contained a provision that the 7 1/2 h.p. motor "can be exchanged for 5 h.p., single phase motor when available." The plaintiff installed the conditioning equipment and demanded the balance of the price payable thereunder. The plaintiff's former sales engineer testified that he had conducted all the negotiations under the contract; that he went to the defendant and demanded the balance of $322.30; that the defendant claimed a credit of $200 which he agreed to allow, having been authorized by the plaintiff to do so; that the defendant, nevertheless, refused to pay the difference of $122.30 until after the 5 h.p. motor was exchanged for the 7 1/2 h.p. motor. The president of the plaintiff corporation testified that even after the 5 h.p. motor became available, the defendant requested service on the 7 1/2 h.p. motor; that the plaintiff had at all times after the 5 h.p. motor became available been willing to furnish it in place of the 7 1/2 h.p. motor, provided the defendant paid the *Page 18 
balance due under the contract; and that, in contradiction of other testimony, the 5 h.p. motor was worth only $200 "whereas the 7 1/2 h.p. motor was worth at least $350 second hand."
Upon its state of demand for the balance due under the contract, the District Court rendered judgment for the plaintiff in the sum of $122.30 and the defendant paid this judgment without appeal. The District Court also rendered judgment against the defendant on his counterclaim which claimed the sum of $500 as the reasonable value of the 5 h.p. motor but failed to allege that he had returned or offered to return the 7 1/2 h.p. motor.
The judgment of the District Court was entered prior to the adoption of Rule 7:13-3 which provides that in actions tried by the court without a jury, in which an appeal is taken, the District Court shall include "a brief specific statement of its findings of fact and its conclusions of law thereon, separately stated." Instead, the record merely embodies the District Court's statement of the conflicting evidence with a general judgment against the defendant on his counterclaim. Under these circumstances, we assume that the District Court accepted the testimony on plaintiff's behalf as hereinbefore outlined [Fraynev. Bahto, 137 N.J.L. 109 (Sup. Ct. 1948)], and we are satisfied that in the light thereof the action of the District Court was proper. The defendant first breached his agreement by failing to pay the cash balance when due. He continued this breach after the 5 h.p. motor became available by refusing to pay the balance theretofore due until after the exchange of motors. He had no right to impose this condition and this was the effect of the District Court judgment in the plaintiff's favor for the balance due, from which no appeal was taken. It might be suggested that under the circumstances, the defendant being in default "could claim no right to perform as against the plaintiff after breach." See Sonken-Galamba Corp. v. Butler Iron SteelCo., 119 Fed.2d 283, 286 (C.C.A. 8th, 1941); certiorari
denied, 314 U.S. 638 (1941). However, without passing on this issue, we are satisfied that the District Court's *Page 19 
action must be sustained in view of the complete absence of allegation or proof in the record that the defendant had returned or offered to return the 7 1/2 h.p. motor and the evidence, presumably accepted by the District Court, that its value was in substantial excess of the value of the 5 h.p. motor.
The judgment below is affirmed.