Plaintiff Bailey Wood Products, Inc., instituted this action for declaratory judgment against J.W. Coleman, Elmer Tallant Agency, Inc., and Zurich American Insurance Company seeking a determination as to whether plaintiff is liable to its employee, J.W. Coleman, under Workmen's Compensation and, in the event that the court finds liability, a declaration that Zurich American Insurance Company or Elmer Tallant Agency, Inc., or both should indemnify Bailey Products to the extent of its liability.
After a trial ore tenus, the trial court found that defendants Tallant Agency and Zurich were both "liable for and obligated to afford Plaintiff Bailey Wood Products, Inc. Workmen's Compensation coverage or its equivalent so as to insure Plaintiff against liability under the Workmen's Compensation Act" with regard to an accident on June 21, 1977, which resulted in the injury of defendant J.W. Coleman and concerning which a suit was pending against Bailey Products in Conecuh County, Alabama. The court further found that defendant Tallant Agency exceeded its authority in making a contract of insurance on behalf of Zurich under the circumstances and that Zurich was "entitled to indemnity of and from all damages, expenses, and costs" proximately caused by Tallant Agency's unauthorized acts. It is from this judgment that Tallant Agency appeals and Zurich cross-appeals. We affirm on the cross-appeal, and affirm, in part, and reverse, in part, and remand the appeal.
Zurich Insurance and Tallant Agency entered into an agency contract on October 1, 1976, whereby the agency was empowered to "bind and execute contracts of insurance . . . only as specifically authorized in the Schedule of Binding Authority." The schedule states that certain risks may be bound by the agent only if prior approval has been granted by the company. Among these risks is "[a]ny risk that according to the agent's knowledge has been cancelled, declined, or renewal refused by another insurer within the past three years." In addition, the schedule also specifies that agent's general authority to bind the insurance company is limited in that prior approval is required to bind certain classes of businesses including workmen's compensation coverage for sawmill operations, which was one of plaintiff's business operations.
On March 2, 1977, The Home Insurance Company (which had previously handled coverage for Mr. Bailey's operations) refused to renew insurance on another business, Brantley Gin Company, and stated that it could not handle coverage for Bailey Wood Products. Tallant Agency then submitted the risk to Employers Insurance Company of Alabama, Inc. and on March 15, 1977, Employers declined the risk on both Brantley Gin and Bailey Wood Products. On March 18, 1977, Tallant Agency submitted the Brantley Gin account to Zurich. Zurich rejected the application for coverage because of the hazards associated with the varied operations. The risk for Brantley Gin was ultimately assigned to USFG through the Assigned Risk Pool for "undesirable risks" but no premium was ever paid to USFG. Thus the risk was never assumed by USFG.
On June 14, 1977, Mr. Bailey called Kenneth Tallant, Vice President and Secretary of the Tallant Agency, and requested insurance coverage for Brantley Gin Company, Bailey Hardware Store, and Bailey Wood Products. Mr. Tallant told Mr. Bailey that coverage was bound, prepared an application/binder, *Page 1314 
and forwarded it to Zurich. Tallant did not attempt to secure prior approval of the risk despite the fact that this was a sawmill risk and that coverage of Brantley Gin had recently been declined by more than one insurance company including Zurich.
On June 21, 1977, J.W. Coleman, employed by Bailey Wood Products as a truck driver, was injured in the line and scope of his employment while driving a truck belonging to Bailey Wood Products. On June 30, 1977, Tallant Agency was notified by telephone that Zurich refused to accept the risk submitted and rejected the claim.
We will first consider the appellee and cross-appellant Zurich's contention that the "only basis for holding against Zurich on the original complaint was Cincinnati Insurance Co.v. City of Talladega, [342 So.2d 331 (Ala. 1977)]" and thatCincinnati can be distinguished from the instant case because, in Cincinnati, certain bonds with the insurance company's name on them were delivered to the insured while in the instant case Tallant Agency did not divulge the name of Zurich to Mr. Bailey, who did not know with whom he would be insured. Zurich further contends that it was not effectively bound by Tallant Agency, that Mr. Bailey was not relying on Zurich but rather on the agency, that the agency negligently failed to secure insurance, and therefore should be the only party liable. We cannot agree.
In Cincinnati, this Court, quoting from British GeneralInsurance Co., Ltd. v. Simpson Sales Co., Inc., 265 Ala. 683,93 So.2d 763 (1957), stated:
 "`. . . The company has the power to determine the conditions of the agency. It may protect itself as it sees fit by requiring surety bond. It may terminate its contract at the first sign of infidelity. It has within its power the determination of what persons shall represent it. In short, it has all the advantages of selection and must bear the burdens thereof if it has failed to choose one faithful to the agency agreement. On the other hand, we have the public, dealing with the agent of the company. In the public view, the agent is the company. . . .' [Emphasis supplied.]"
While the facts in Cincinnati do differ in some respects from those in the instant case, we do not find these differences to be significant, particularly in the light of better reasoned authority in this area.
Generally, an oral contract of insurance is valid if made by an agent acting within the actual or apparent scope of his authority. State Farm Automobile Insurance Company v. Newell,270 Ala. 550, 120 So.2d 390 (1960). Tallant Agency, a licensed general agent of Zurich, had apparent authority to bind Zurich on an oral contract of insurance. Undisclosed, private limitations upon the authority of a general agent do not bind a third party who, being unaware of them, contracts with an agent within the customary scope of the agent's authority. Mayo v.American Fire and Casualty Company, 282 N.C. 346,196 S.E.2d 828 (1972).
Similarly, in Crawford and Buckingham d.b.a.Buckingham-Wheeler Agency and Fidelity-Phenix InsuranceCorporation v. DiMicco, et al., 216 So.2d 769 (Fla.App. 1968), a strikingly similar case in which the plaintiff sought insurance coverage on a boat from an agent who bound coverage in violation of the company's instructions concerning types of risks which were unacceptable, the Florida appellate court found (just as the trial court did here) that the insurer was bound and that the agent was required to indemnify the insurer for the loss sustained on account of his unauthorized acts.
Moreover, the fact that there was no agreement between the insured and the agent as to the company with which the risk was placed does not relieve Zurich of liability. Even when there is no agreement between applicant and agent as to the company in which the risk is placed, where the agent has actual or apparent authority and designates the company by some positive act prior to the loss, the company has been held liable. Julienv. Spring Lake Park Agency, Inc., 283 Minn. 101, 166 N.W.2d 355
(1969); Milwaukee Bedding Co. v. Graebner, 182 Wis. 171,196 N.W. 533 (1923); Vance on Insurance (3rd ed.), § 37 at p. 223. *Page 1315 
In Milwaukee Bedding, supra, defendant Graebner was an insurance agent representing several companies. Mr. Schilling of Milwaukee Bedding called Graebner's office and spoke with Graebner's daughter. A renewal was agreed upon and there was an agreement for an additional $2,000 coverage. No specific company was identified in the conversation; however, Ms. Graebner made a designation on a card and added "$2,000 ad'l in L. A. Co." The Wisconsin court held that there was a valid oral contract of insurance, stating:
 ". . . It is a general rule that, where an application for insurance is made to an agent who represents several companies, no contract of insurance is engendered between the insured, and any particular company until such company is designated by the agent. [Citations omitted.] But where the company is selected by the agent, and in some manner designated as the company in which the insurance is to be written, a binding contract results. [Citations omitted.] In such case the agent becomes the agent of the insured for the purpose of selecting the company. [Citations omitted.]"
Thus, the mere fact that Mr. Bailey was not informed that Zurich was designated as the insurance company at the time Tallant Agency bound coverage does not release Zurich from liability in view of the fact that Zurich was so designated by the agent prior to the loss. Zurich selected Tallant as its general agent and authorized it to bind the company on contracts of insurance. Because Zurich placed Tallant Agency in a position where others might rely on its statements, Zurich is liable to the insured for the amount of the loss on the policy entered into by its agent within its apparent authority and must rely on its selected agent and its credit for indemnification if the agent exceeded its actual authority.Cincinnati, supra.
Next, we consider appellant Tallant Agency's contention that the trial court erred in finding that the agency exceeded its actual authority in binding Zurich on the risk and that it should be required to indemnify Zurich. Tallant argues that because it had actual, not apparent authority, to bind the company, that the insurer should be bound but not the agency.
In support of its position, Tallant Agency relies primarily on Lewis v. Travelers Insurance Company, 51 N.J. 244,239 A.2d 4 (1968), a case in which an agent orally bound Travelers on August 27, the insured suffered a loss on September 5, and Travelers denied the claim on September 6, alleging that the binder was merely an application which Travelers rejected. At trial, Travelers filed a cross-claim against the agent and the trial court found that the agent exceeded his actual authority and was therefore required to indemnify Travelers for the amount of insured's loss. The Supreme Court of New Jersey reversed, finding that while the agent did not have actualexpress authority in writing to orally bind the risk without prior approval, it had actual implied authority to do so due to Travelers' admitted practice of back-dating all policies of that type submitted by agents as of the date of the application.
The case at bar differs from Lewis. In the first place, the scope of review in New Jersey differs from that in Alabama in that issues of fact not determined by jury verdict may be reviewed and new or amended findings of fact may be made by New Jersey appellate courts. Williams v. DeFabio, 3 N.J. Super. 182,65 A.2d 858 (1949).
In Alabama, where a decree is rendered on evidence taken oretenus, or partly so, as here, and the trial court has the advantage of hearing the witnesses and observing their demeanor, the judgment of the trial court is accorded the same weight as a jury verdict, and this Court will not disturb the trial court's conclusions unless plainly and palpably erroneous. McBrayer v. Smith, 278 Ala. 247, 177 So.2d 571
(1965); Wolfe v. Thompson, 285 Ala. 745, 235 So.2d 878 (1970).
Furthermore, unlike Lewis, supra, the record here does not affirmatively and clearly reflect that Zurich customarily backdated policies as of the date of the application on risks for which prior approval is *Page 1316 
required. Additionally, Kenneth Tallant conceded that he would not have bound coverage with Zurich had he consulted his agency's file and been made aware of his agency's previous dealing in the matter.
Thus, due to Zurich's express written limitations on Tallant's authority, the latter had no actual authority (although he possessed apparent authority) to bind Zurich to Bailey, and, thus, having exceeded its actual authority, Tallant is liable to indemnify Zurich for any loss which the insurer sustains. British General Insurance Co. v. SimpsonSales Co., supra.
Upon examination of the record in the instant case, we find ample evidence to support the trial court's judgment with respect to Zurich's liability to Bailey Products and Tallant's liability of indemnity. Therefore, because the findings of the trial court in this regard are not plainly and palpably erroneous [McBrayer v. Smith, supra], Zurich must afford Workmen's Compensation coverage or its equivalent to insure Bailey Wood Products against liability for injury to its employee, J.W. Coleman, and must provide Bailey Products a legal defense in the lawsuit filed against it by said employee, and Tallant Agency is required to indemnify Zurich for any loss and expenses sustained by the insurer due to the agency's exceeding its actual authority. Authorities, supra.
We cannot find any basis in the record or from the authorities cited for the trial judge's holding that Tallant Agency is "liable for and obligated to afford Plaintiff Bailey Wood Products, Inc. Workman's Compensation coverage," etc. To that extent the trial judge's finding is erroneous and should be corrected on remandment.
AFFIRMED, ON CROSS-APPEAL.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED ON APPEAL.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.