FAULKNER, Justice.
Donald Lawrence Henson, defendant below, appeals from a judgment rendered in an ore tenus case against him for wrongful detention of property, in favor of Ruth Angela McDonald. Henson asserts here that Mrs. McDonald’s claim fails to state a cause of action; that the court erred in failing to join an allegedly indispensable party, and in admitting Mrs. McDonald’s property inventory into evidence; and that the judgment is not supported by the evidence. We find no merit in these contentions and affirm.
Dr. Zenas McDonald, Mrs. McDonald’s son, lived with Henson in Henson’s house in Montgomery for about six months. When he moved out he took some personal effects with him in his car, but left behind other property, including a bedroom suite, a refrigerator, a washer and dryer, at least one stereo, other furniture, china, crystal, etc. Henson rented a storage space and moved some of this property into it, but took a good deal of it with him when he moved from his house to another, also in Montgomery.
About a year after he left Henson’s house, Dr. McDonald died of a heart attack and Mrs. McDonald began trying to retrieve this property from Henson. She had loaned much of it to her son in 1971 and at that time made a detailed list of the items which he took from her home. Henson was elusive, neither taking nor returning her calls, and he was uncooperative, refusing to let her into his house. At one point he did meet her at the place where he had some of Dr. McDonald’s property stored, but Mrs. McDonald testified that she recovered only some medical books, an empty filing cabinet in which Dr. McDonald had stored valuables, and other inconsequential items. Some time after this she went to Henson’s house. Although she did not find him at home she saw through the windows that much of her furniture was in use.
Henson testified that he had never seen many of the items on the list; further, that Dr. McDonald had not paid him any rent; *1137 and that, to the contrary, he had loaned Dr. McDonald money and paid a total of $328.00 for the storage space, none of which was reimbursed to him. He introduced an affidavit by Ed Sanders, who also lived in Henson’s house while Dr. McDonald was there, to the effect that Dr. McDonald had transferred the washer, dryer, and refrigerator to Sanders in satisfaction of a debt and that Sanders had then sold them to Henson for $300.00. Nevertheless, the trial court awarded Mrs. McDonald $12,500.00 and costs, the entire amount sought in her complaint.
Henson’s first contention on appeal is that Mrs. McDonald’s complaint fails to state a claim upon which relief can be granted. He raised this issue at trial by motion to dismiss, which was denied, by his answer, and by his motion for reconsideration of the judgment, also denied. Henson argues that the complaint does not state that Mrs. McDonald has legal title to or the right to possession of the property and therefore is insufficient to state a claim in detinue. The complaint, however, precisely follows Form 23, ARCP, “Complaint for Recovery of Chattels in Specie.” Not only does this form meet the notice pleading requirements of Rule 8, ARCP, it has been specifically approved by this Court (see “Supreme Court Note” at the beginning of the forms). Therefore this argument has no merit.
Henson next contends that the court lacked jurisdiction for failure to join the estate of Dr. McDonald or his personal representative. Although some of the items on Mrs. McDonald’s list belonged to her son, her valuation of the items she claimed as her own was more than the amount she recovered. Her proof and the trial court’s judgment that the latter items belonged to her would protect Henson should the estate later claim them from him, so any error in the trial court’s refusal to join the estate is therefore harmless.
Henson objected at trial to the admission into evidence of the list of property prepared by Mrs. McDonald. He argues that it is no proof of what possessions Dr. McDonald brought to Henson’s house. Mrs. McDonald testified that she visited her son several times at his residence prior to his move into Henson’s house, and her son still had all the items on her list. This, coupled with specific identification of many of the larger items on the list as being in Henson’s possession, sufficed to make the list admissible.
The record shows that the trial court’s judgment is supported by the evidence and we therefore affirm under the ore tenus rule. Elmer Tallant Agency, Inc. v. Bailey Wood Products, Inc., 374 So.2d 1312 (Ala.1979).
AFFIRMED.
TORBERT, C. J., and ALMON, EMBRY and ADAMS, JJ., concur.