IVAN TREPANIER *v.* LOUIS HUJBER ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 10—decided July 9, 1947

*Joseph N. Perelmutter* and *Charles G. Albom,* for the appellants (defendants).

*Louis Feinmark,* with whom were *Herman D. Silberberg* and, on the brief, *Mitchell W. Garber,* for the appellee (plaintiff).

JENNINGS, J. This is a suit for damages for unlawful eviction and is based on fraud and deceit. The plaintiff treats the case as consisting of two causes of action combined in one count. The jury were charged that under the circumstances of this case the damages for unlawful eviction, without proof of fraud, would be nominal. *Mathews* v. *Livingston,* 86 Conn. 263, 270, 85 A. 529. They brought in a verdict for substantial damages of $750. It follows that they must have found fraud and that the case should be considered on that basis. The plaintiff's claim as to the effect of a general verdict is untenable in any event. The rule applies only where the damages recoverable would be the same under either cause of action. *Maggay* v. *Nikitko,* 117

Conn. 206, 210, 167 A. 816. The assignments of error are directed to the charge only.

The plaintiff offered evidence to prove and claimed to have proved the following facts: In June, 1944, Ansonia was a defense rental area under the jurisdiction of the office of price administration. Rental conditions were very difficult, especially for families like that of the plaintiff which consisted of himself, his wife and four small children. On June 19, 1944, the defendants, who owned the four-room apartment in which the plaintiff was living, served him with a notice to quit asking him to move on or before June 30, 1944, because they as owners wanted the apartment for themselves. The plaintiff suffered much distress in his mind since he was advised that there was no defense to such a notice; he had to consult a doctor and incurred special damages of over $100; but he finally succeeded in finding a six-room apartment at $40 per month to which he moved on July 15, 1944, and which he had occupied for thirty months at the time of trial. It was the only apartment available and was no more desirable than his former apartment, which cost him $25 per month. The defendants rented the plaintiff's apartment to another.

The defendants' claims of proof did not differ materially from those of the plaintiff on the single issue which will be considered, except that they offered evidence to prove that the plaintiff and his wife were not satisfied with the defendants' apartment because it was too distant from their children's school and that the advertisement inserted in a newspaper by the plaintiff called for four "or more" rooms.

At the close of the charge, the defendants excepted to the instructions relating to damages. The court charged on this point in part as follows: "As a re-

sult of the notice to quit you will recall the statement of Mr. Trepanier that he got greatly disturbed and went around seeking another rent; that he was unsuccessful and that finally as a result of an ad he put in the paper in which he offered a reward of twenty-five dollars for any information leading to a rent, he was successful as a result of the barber taking a kindly interest in him. With respect to any injury—well, of course he has been injured. The injury is the extent of the difference between the rents. Had the condition that existed been maintained he would have been occupying a twenty-five dollar rent whereas under the new tenancy arrangement he was forced to enter into he was forced to pay forty dollars. . . . If you find there was fraud then you can take into consideration what has been lost by the plaintiff in this case. In other words he says, 'I was entitled under the law to stay in this place as long as the rental regulations were in effect. I was forced to go out as a result of which it cost me fifteen dollars more a month.' Now from August 1st, 1944 to February 1, 1947, is some thirty months. He would be entitled to the difference, the fifteen dollars a month for the thirty months during that period, in the event that you find fraud."

Two issues were submitted to the jury, fraud and damages. The burden of proving both was on the plaintiff. It is obvious that the jury found for the plaintiff on the first. It is possible that they might have found that the damages were as indicated by the court. The claims of proof did not, however, justify what amounted to a directed verdict as to them. If permitted, the jury might have properly considered the availability of a suitable apartment for $25 and the efforts of the plaintiff to secure one.

They might even have disbelieved the plaintiff. The case does not present a situation where the damages are liquidated, and in treating it as such the trial court was in error. *Cochrane* v. *Forbes,* 267 Mass. 417, 420, 166 N. E. 752. The court should have charged that if the jury found the plaintiff's claims of proof established he was entitled to recover on the basis indicated. This conclusion renders the consideration of the other assignments of error unnecessary.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.