JACOB BERNOFSKY, Plaintiff, *v.* ABE RABINOWITZ, Defendant.

Supreme Court, Special Term, Kings County, December 29, 1947.

*Irving Rader* for plaintiff.

*Paul Wolfe* for defendant.

FROESSEL, J. The plaintiff, who for several years prior to on or about October 30, 1946, was a tenant in a two-family dwelling house owned by the defendant, sued to recover damages which he claims were occasioned by his voluntary removal from the premises in reliance upon "A Certificate Relating to Eviction" which was issued by the Office of Price Adminis-

tration, Borough of Brooklyn Area Rental Office. This certificate, which required the plaintiff to remove from the upper floor apartment of the defendant's premises on or before six months from June 28, 1946, is alleged to have been procured upon representations by the defendant, to the agency which issued it, which were false and fraudulent, and were made with knowledge of their falsity. Such representations were that the defendant required the apartment which the plaintiff occupied, " for his own use and that the need was an immediate, compelling and necessary one." These representations are claimed to have been false in that the defendant at that time occupied an apartment as a tenant at another address in Brooklyn, and had no immediate compelling need for the plaintiff's apartment, and that he never intended to occupy such apartment and, indeed, never did so, for the defendant publicly offered the property for sale, and, in fact, sold it on April 25, 1947.

The defendant has now challenged the sufficiency of this complaint, pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice, contending that the certificate which was issued by the Price Administrator is not an eviction notice, does not require the tenant to remove from the premises, and is merely an authorization to proceed under local law only after a period of six months had elapsed. He contends from the foregoing that the certificate could not have been the inducing cause of plaintiff's voluntary removal from the premises. He also urges that there is nothing in the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), or its amendments, which authorizes an action of this character, even if it be true that the certificate was obtained through fraudulent and false representations.

Upon a motion of this character, the complaint alone may be considered, and, therefore, the photostatic copy of the certificate which has been annexed to the defendant's brief can have no part in the determination of this motion, in which the facts alleged in the complaint are assumed true and construed liberally in the interests of justice (Civ. Prac. Act, § 275).

This case is in many respects similar to *Rosenbluth* v. *Sackadorf* (190 Misc. 665), decided herewith. The essential difference between the two cases is that here the tenant moved after the service of the " Certificate Relating to Eviction " issued by the Office of Price Administration, whereas in the *Rosenbluth* case

(*supra*) the tenant did not move until after the final order in summary proceedings. In my opinion, the distinction is unimportant. The tenant is not required to wait until the city marshal is ready to put his possessions upon the highway. He does not have to wait his chance to find other shelter on the eve of eviction. He is justified in relying upon the representations of the landlord re-enforced by the certificate relating to eviction, and as an obedient citizen, seeking other quarters and taking them when he can find them, notwithstanding the expense involved.

In *Sno-Wite, Inc.,* v. *Gerald Operating Corp.* (271 App. Div. 314) the landlord caused to be served upon his tenant a precept and petition in summary proceedings, stating '' That the landlord seeks, in good faith, to recover possession of said premises for his immediate and personal use for commercial purposes.'' The tenant thereupon removed. The Appellate Division, in reversing Special Term, held (p. 318) '' that the serving of the precept and verified petition herein gave the tenant the option to treat the landlord's action as an eviction with all the effects of a technical dispossession. Accordingly, the complaint states facts sufficient to constitute a cause of action.'' (See, also, *Cornwell* v. *Sanford,* 222 N. Y. 248; *Finestone* v. *Frostholm,* 69 N. Y. S. 2d 556.)

In the case at bar, the tenant surrendered possession in reliance upon the certificate relating to eviction which was a necessary and concomitant part of the exclusive procedure under which he could be evicted. The certificate removed the cloak of emergency protection afforded by the Federal statutes and regulations and opened the door to summary proceedings; the time had come requiring the tenant to act. (*Parker* v. *Fleming,* 329 U. S. 531.) Much of what was said in the *Rosenbluth* case (*supra*) applies here, and it would be fruitless to invite repetition. For the reasons set forth in my opinion in that case, and upon the complaint before me, the motion must be denied.

Submit order.