FRANK ALABISO, Respondent, v. MORRIS N. SCHUSTER, Appellant.

Fourth Department, May 26, 1948.

*Sigmund Schwartz* for appellant.

*G. M. Blackmon* for respondent.

KIMBALL, J. This is an appeal from an order denying the appellant's motion to dismiss the first cause of action of the complaint under rule 106 of the Rules of Civil Practice on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges that the plaintiff-respondent was a tenant of the defendant-appellant; that the landlord petitioned the rent director of the Office of Price Administration for a certificate permitting the eviction of the tenant, alleging and representing that he required the housing accommodations for his own personal use and occupancy; that a copy of the petition was mailed to the tenant; that a certificate was issued authorizing removal or eviction in six months; that relying on the petition and certificate the respondent moved out and that the appellant did not thereafter occupy the housing accommodations for his own use but rented them to another. The complaint alleges that the defendant acted in bad faith; that the representations and statements of the defendant, seeking to oust the plaintiff were deceptive and false; that they were material; that defendant knew them to be false and untrue when made; that they were made for the purpose of defrauding and deceiving the plaintiff; that defendant intended that the plaintiff should act upon them; that plaintiff was ignorant of their falsity and that he relied upon them to his damage.

The allegations of the first cause of action, taken as true upon the motion and given every fair intendment, make out a cause of action in common-law fraud and deceit. (*Kuelling* v. *Lean Mfg. Co.*, 183 N. Y. 78.) It was not necessary that the

representations be made directly to the plaintiff. (*Brackett* v. *Griswold*, 112 N. Y. 454; *Ultramares Corp.* v. *Touche*, 255 N. Y. 170.)

The appellant takes the position that a common-law action for fraud and deceit may not be maintained; that any remedy which the respondent might have had must be that provided within the limits of the statute; that the certificate is final and may not be collaterally attacked, and in brief, that the respondent had no remedy by which he might recover his damages, even though the allegations of the appellant's petition were false and made with the intent to deceive the respondent and to cause him to rely thereon and act thereon.

We cannot subscribe to the proposition that where a right is given by statute and where by false and fraudulent representations, one is defrauded and deceived into giving up such right to his damage, such one may not have his remedy and redress in an action for fraud and deceit. Chief Justice KENT in *Upton* v. *Vail* (6 Johns. 181) said: " The case went not upon any new ground, but upon the application of a principle of natural justice, long recognised in the law, that fraud or deceit accompanied with damage is a good cause of action. This is as just and permanent a principle as any in our whole jurisprudence."

The courts which have passed on the question of the right to maintain an action for fraud and deceit under circumstances similar to those here presented, have not been in agreement. In a very recent case (*David* v. *Fayman*, 273 App. Div. 408) the court held that the alleged fraud must be considered as intrinsic and not extrinsic and that the certificate issued by the Office of Price Administration may not be collaterally attacked for that reason. In the *David* case, eviction proceedings were instituted in Municipal Court and there was a stipulation made permitting the warrant of eviction to issue but staying execution thereof for two months. The tenant there availed himself of the benefits of the stipulation and the court held that the retention of the benefit was inconsistent with the bringing of the action for fraud and deceit. (Citing *Ross* v. *Preston*, 292 N. Y. 433.) We think that the *David* case is distinguishable from the one before us.

The plaintiff-respondent does not seek to set aside or impair the finality of the certificate. He has abided by it. He did not wait to be ousted in summary proceedings. He is seeking damages for the fraud and deceit practiced upon him by which the landlord obtained the certificate. It is the fraudulent means employed which forms the basis of the cause of action. The

issuance of the certificate was but a step in the fraud. It is our opinion that the fraud complained of here is not intrinsic but is extrinsic. The false and fraudulent statements of the defendant which led up to the issuance of the certificate, that he intended to use the housing accommodations for himself was such as to deceive the plaintiff and to induce him to refrain from contesting the question of good faith of the landlord. The state of mind of the defendant was within the knowledge of the defendant alone. He was the only source of establishing his good faith and truthfulness. Whether the defendant was acting in good faith could not be controverted by the plaintiff until the subsequent events disclosed the fraud and deceit. To oppose the granting of the certificate would have been an idle thing. Where a person is bound to rely on the representations made to him and has no means of controverting them and no means of ascertaining whether or not they are true and made in good faith, it can hardly be said that he has no redress thereafter when at a later date, it becomes evident that the representations were false and fraudulent. We think this is extrinsic fraud. There has been no real contest of the subject matter and there could have been none.

Most of the cases involving the question as to whether fraud is extrinsic or intrinsic have arisen on proceedings to vacate or set aside judgments. It was said in *United States* v. *Throckmorton* (98 U. S. 61, 66) : " In all these cases, and many others which have been examined, relief has been granted, on the ground that, by some fraud practised directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court ".

A good illustration of this rule is found in *El Reno Mut. Fire Ins. Co.* v. *Sutton* (41 Okla. 297). (See Note 88 A.L.R. 1201.)

In this case, of course, there is no judgment but simply a certificate of the rent director removing the barrier to eviction proceedings. In *Reid* v. *Brown* (24 N. J. Mis. Rep. 350) the District Court of New Jersey held for plaintiff in fraud and deceit under facts similar to those there. In *Rosenbluth* v. *Sackadorf* (190 Misc. 665) and *Bernofsky* v. *Rabinowitz* (191 Misc. 382) the Special Term arrived at the same conclusion.

In this action, the plaintiff does not seek to set aside the certificate. He recognizes its finality. The fact that it is final unless attacked under the price control law does not, we think bar a common-law action for fraud and deceit in which the issuance of the certificate is only a step in the overall fraud. The fraud is essentially in the deceitful method employed to

obtain the certificate and in its use. A judgment may be fully recognized and be unimpeachable but that does not bar an action for fraud and deceit. The judgment is but a means of perpetrating the fraud. (*Verplanck* v. *Van Buren*, 76 N. Y. 247; *Byrnes* v. *Owens*, 243 N. Y. 211, 218.) In the *Byrnes* case, Chief Judge Hiscock said: " No attack is made upon the decree so far as it decides the legitimate issues involved in the action leading up to it. It is only its use as a means of accomplishing an unlawful object which is assailed and, so far as that is concerned, I do not see that it is any more effective than would be a deed or other transaction which was made a fraudulent means to the accomplishment of a forbidden end. The fraudulent purpose affects and condemns the use and to that extent limits its effect ".

Whether this plaintiff will be able to prove his allegations and what his damages may be do not here concern us. We are only saying that the complaint states a cause of action.

The order so far as appealed from should be affirmed, with $10 costs and disbursements.

All concur. Present —Taylor, P. J., McCurn, Love, Vaughan, and Kimball, JJ.

Order so far as appealed from affirmed, with $10 costs and disbursements.