No. 16,262.

TEARE *v.* SUSSMAN.
(210 P. [2d] 446)

Decided October 3, 1949.

Mr. PHILIP HORNBEIN, Mr. PHILIP HORNBEIN, JR., for plaintiff in error.

Mr. SIDNEY S. JACOBS, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF here seeks review of judgment of dismissal entered in the trial court. In her complaint she alleged that she had been a tenant in an apartment house owned by certain parties named therein as defendants, who apparently were not served with process, and did not appear; that defendant Sussman acted as their agent; that she paid the rental provided therefor pursuant to law, and had the right to continue therein by virtue of the provisions of the housing and rent act, except in case vacation was required for the purpose of substantially altering, remodeling or demolishing the apartment. She further alleged that defendant, for the purpose of defrauding her of her right to remain in said apartment, made certain false and fraudulent representations in substance as follows: That defendant intended to remodel the apartment; that a person unknown to plaintiff, who was brought to her apartment by defendant, was a building contractor and had been employed by defendant to remodel said apartment; that said purported contractor had made present plans, arrangements, preparations and contracts for such remodeling; that defendant had obtained a building permit from the proper authorities authorizing him to remodel said apartment, and that to permit such remodeling it was necessary for plaintiff to vacate said apartment; whereas in fact defendant did not intend to remodel; the person brought to plaintiff and represented as a building contractor was not a building contractor, had not been employed by defendant to remodel the apartment, and had not made plans, arrangements, preparations or contracts therefor; no building permit had been obtained and it was not necessary for plaintiff to vacate said apartment; that said false and fraudulent representa-

tions were made for the purpose of deceiving plaintiff and thereby inducing her to vacate the apartment contrary to the terms and provisions of the housing and rent act of 1947; that relying thereon plaintiff vacated the apartment; that immediately upon such vacation defendant placed another tenant in possession, and that defendant did not remodel the apartment or make any substantial changes therein. These allegations were followed by several allegations of damage, including the cost of moving her furniture and belongings from the apartment.

The record contains no indication regarding the grounds of insufficiency of the complaint as determined by the trial court in holding it subject to dismissal. Plaintiff argues, and appears to demonstrate, that it contains all the elements of an action in fraud and deceit, while defendant contends that the action was subject to dismissal for the reasons that: (1) Plaintiff's removal was voluntary and without judgment or order for removal or action for eviction or notice thereof; (2) the representations relied on were not as to past or existing facts, but were representations either of intention to act in the future, or representations as to matters of law, and (3) the damages alleged are speculative.

Considering these matters in the order stated, the first objection indicates confusion as to the very nature of an action for fraud and deceit. It is not required that plaintiff act from compulsion but only from inducement of the false representations. It was not necessary to a cause of action here that the court also be defrauded into issuing a writ or that the Office of Price Administration be defrauded into authorizing eviction. Such action by the court or of the Office of Price Administration, if procured, would be relevant under such circumstances as here alleged only as evidence of further, but not necessary, steps in the scheme to defraud. In *Lyster v. Berberich* (N. J. App. Div.), 65 A. (2d) 632, a similar case, where judgment of ouster had

been obtained, the Superior Court of New Jersey, quoting from *Alabiso v. Schuster*, 80 N. Y. S. (2d) 314, said, "It is the fraudulent means employed which forms the basis of the cause of action. The issuance of the certificate was but a step in the fraud." And, as said in *Rosenbluth v. Sackadorf*, 76 N. Y. Supp. (2d) 447, 190 Misc. 665, where also such judgment was obtained: "The misrepresentations made to the O. P. A. and the court were in essence continuous and were but part of the whole picture of misrepresentation to the plaintiff, for defendants' ultimate motive was to defraud the plaintiff. Their liability to the plaintiff, as the person defrauded, is the same as if the false representations has been· made directly to him."

██ As to the second objection, the representations alleged were not merely as to future intentions, but were false statements as to existing facts. Where a present intention, even though as to future conduct, is predicated upon or evidenced by false statements as to existing facts, such statements, if relied on, constitute actionable fraud. "Nor is plaintiff's right of action in any way changed by the fact that he is deprived of a right accorded to him by statute rather than one based upon contract." *Nyulassie v. Mozer*, 85 Cal. App. (2d) 827, 193 P. (2d) 167. In the case of contract relations, as said in Bigelow on Estoppel, 481, upon which the court relied in *Farris v. Strong*, 24 Colo. 107, 48 Pac. 963, "If a party make a representation concerning something in the future, it must generally be a statement of intention or opinion, uncertain to the knowledge of both parties, or it will come to a contract, with the peculiar consequences of a contract." Here, where a statutory right was involved, such representation was not as to an intention "uncertain to the knowledge of both parties" nor could it "come to a contract" with right of action thereon. Where a right given by statute is dependent upon present intent, such intent is an existing fact and a wilfully fraudulent statement of such intent, for the

purpose of deceiving and defrauding another into yielding to such right, is ground for action on the part of the defrauded tenant. Otherwise, the statute is nullified, and the tenant suffers wrong without a remedy.

While the alleged fraudulent representation that plaintiff would be compelled to. yield possession may have been a representation as to a matter of law, it was not, and was not alleged to be, a false statement as to the law predicated upon the facts as represented to plaintiff. The misrepresentations alleged concerned facts, not law.

■ As to the third objection, the complaint alleged as an element of damage the cost of removing`plaintiff's furniture and personal possessions from the apartment. These, at least, were not speculative, and we need not now further consider the relief sought. As to further damages charged by defendant to be speculative and uncertain, the rulings on the evidence that may be produced upon trial of the cause may well now be left to the discretion of the trial court, remembering the rule declared in *City and County of Denver v. Bowen*, 67 Colo. 315, 184 Pac. 357, "The fact that such loss cannot be exactly determined is no reason why the wrong should go unredressed or the wrongdoer escape entirely at the expense of his victim."

The judgment is reversed and the cause remanded for further proceedings consistent herewith.