**FERGUSON, Plaintiff-Appellee, v. BUDDENBERG et, Defendants-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 7225.   Decided May 15, 1950.

Albert M. Freiberg, Cincinnati, for plaintiff-appellee.
Ginocchio & Ginocchio, Cincinnati, for defendants-appellants.

## OPINION

By ROSS, PJ.:

This appeal upon questions of law is from a judgment of the court of common pleas of Hamilton County, predicated upon a verdict in favor of the plaintiff, which was by remittitur reduced from $2250.00 to $1000.00.   Such verdict included a sum for punitive damages.

The action, if any exists, is predicated upon fraud—that is, upon false representations as to the existence of an intention to personally use the premises rented to plaintiff, and that relying solely upon such representations, he was induced by defendant to relinquish a right of occupancy therein, which right was secured to him by law.

Only by virtue of the Federal Housing and Rent Act could such an alleged relinquished right be shown to exist. The plaintiff, a tenant from week to week, has no common law right to occupy the premises longer than the landlord desires. There is no state statutory inhibition against the eviction of the plaintiff.

What right did the Housing Act confer? Simply the right to be free from "an action or proceeding to recover possession."

The defendant simply served a notice to vacate the premises. The plaintiff voluntarily acquiesced in the request to vacate.

He had a valid defense against any **possible** later unlawful action to evict.

If the defendant was guilty of an abuse of process, the plaintiff would have, upon proof of same, had an adequate remedy at law.

Plaintiff claims that the right of plaintiff to remain in the premises was a "status imposed upon them by Federal Law."

The Federal Law merely protected plaintiff from an unlawful action or proceeding. There is no inhibition in the Federal Act against a request by the landlord to the tenant to leave the premises. The statement that such acquiescence in such request would prevent resort to legal proceedings had no force, since such proceedings could not be unlawfully maintained.

No protest of any kind was made by the plaintiff. As far as the evidence shows he may have been perfectly content in any event to seek other and better quarters.

To permit the maintenance of the present action would open the door wide to a recourse to the courts, whenever after voluntary change of quarters, the vacating tenant discovered that the landlord had rented such vacated quarters for an additional amount.

If the plaintiff had any rights in the premises, he voluntarily released and waived such rights by vacating the premises without protest.

While some authority without this State is shown contrary to these conclusions, in no case in Ohio has such an action as the instant proceeding been countenanced. The adequate protection of the Federal Housing Act being in derogation of the common law rights of the defendant should not be extended beyond its clearly expressed scope.

The motion of the defendants for an instructed verdict, made at the conclusion of all the evidence, should have been granted, and this Court will enter the judgment for the defendants which the trial court should have rendered.

Having so concluded, it becomes unnecessary to pass upon the claims of the defendant, which would induce this court

to set aside the judgment for passion and prejudice in the verdict, and because such verdict is against the manifest weight of the evidence.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.