ALFRED BEHRENDT AND ANOTHER v.
M. A. RASSMUSSEN.[1]

April 27, 1951.

No. 35,256.

[1]Reported in 47 N. W. (2d) 779.

98

 

*Theodor Herman,* for appellant.
*Hall, Smith & Hedlund,* for respondents.

MAGNEY, JUSTICE.

Defendant appeals from an order denying his alternative motion for judgment or a new trial.

Plaintiffs, husband and wife, occupied an apartment in a building in Minneapolis owned by defendant. The agreed rental was paid promptly when due. On April 12, 1948, defendant gave written notice to plaintiffs to vacate on or before June 13, 1948. Upon their refusal to comply, defendant on June 15, 1948, brought an unlawful detainer action against them. It was contested. Defendant prevailed, and a writ of restitution was issued. On the day of the expiration of the stay which had been entered, plaintiffs moved out.

Plaintiffs claim that they were illegally evicted and brought this action to recover damages. The jury returned a verdict in their favor.

The complaint alleges that the action of defendant in evicting plaintiffs from the premises by the use of unlawful detainer proceedings was not brought in good faith, but was merely a subterfuge to get rid of the tenants in violation of the Housing and Rent Act of 1947, as amended in 1948.[2]

The Housing and Rent Act of 1948, § 1899(a)(2), 62 Stat. 99, provides that no action to recover possession of any controlled housing accommodation, when tenant continues to pay the rent to which the landlord is entitled, shall be maintainable by any land-

---

[2] The Housing and Rent Act of 1947, 61 Stat. 193, 50 USCA Appendix, § 1881, *et seq.,* as amended by the Housing and Rent Act of 1948, 62 Stat. 93, is hereinafter referred to as the Housing and Rent Act of 1948. Section references are to 50 USCA Appendix, § 1881, *et seq.*

lord unless "the landlord seeks *in good faith* to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations, or for the immediate and personal use and occupancy as housing accommodations by a member or members of his immediate family, * * *." (Italics supplied.) Defendant in his notice to vacate gave as reason for his action that he needed the apartment occupied by plaintiffs for his own immediate and personal use as housing accommodations for members of his family. In the unlawful detainer proceedings the same reason was given.

There is evidence that shortly after plaintiffs moved out defendant rented the apartment to other tenants at a greatly increased rental. There is also evidence that because of structural difficulties which defendant encountered in attempting to remodel the apartment to suit his requirements he was unable to proceed and had to adopt other plans. It seems unnecessary to detail the evidence. Suffice it to say that the jury adopted plaintiffs' version and found that defendant did not in good faith evict plaintiffs from the apartment, and such finding is adequately supported.

The court charged the jury as follows:

"There are but two questions in this case. The first one: Was the action of the defendant in evicting the plaintiffs taken in good faith?

"The claim is made by the plaintiffs that the action was founded not in good faith but as a subterfuge to get the tenants out.

"If you find from a preponderance of the evidence that the action of the defendant was not in good faith but merely as a subterfuge, as a sham, to get rid of the tenants, then the plaintiffs are entitled to a verdict at your hands.

"If you fail to so find, then that ends the case and your verdict must be for the defendant."

The second question involved damages.

That the court erred in denying his motion for a directed verdict is the principal assignment of error discussed by defendant. He

contends that the damages provided for in the Housing and Rent Act are the only damages recoverable by a tenant unlawfully evicted. In other words, he contends that no cause of action exists such as was litigated in this case; therefore, that the court erred in denying his motion for a directed verdict.

The only damages provided for in the act (§ 1895), in addition to attorney's fees and costs, are "liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: * * *."

The question litigated by consent was whether defendant in evicting plaintiffs from the apartment acted in good faith in serving the notice and in bringing the unlawful detainer action — whether that notice and that action were merely a subterfuge or a sham to circumvent the Housing and Rent Act to get rid of plaintiffs as tenants.

If a cause of action actually exists, then usually the theory upon which the case was tried becomes the law of the case and must be adhered to in this court. Skolnick v. Gruesner, 196 Minn. 318, 265 N. W. 44; Allen v. Central Motors, Inc. 204 Minn. 295, 283 N. W. 490; Edelstein v. D. M. & I. R. Ry. Co. 225 Minn. 508, 31 N. W. (2d) 465; M. & St. L. R. Co. v. Winters, 242 U. S. 353, 37 S. Ct. 170, 61 L. ed. 358, Ann. Cas. 1918B, 54. But this rule does not apply in a case where the record shows conclusively as a matter of law that on the merits there is no cause of action or no defense. In such case, the appellate court will so determine no matter on what theory the pleadings were framed or the issues were tried in the court below. White v. Western Assur. Co. 52 Minn. 352, 54 N. W. 195; C. M. & St. P. Ry. Co. v. Sprague, 140 Minn. 1, 167 N. W. 124; Bauman v. Metzger, 145 Minn. 133, 176 N. W. 497; State ex rel. Evens v. City of Duluth, 195 Minn. 563, 262 N. W. 681, 263 N. W. 912, 266 N. W. 736; Skolnick v. Gruesner, 196 Minn. 318, 265 N. W. 44; Casper v. Regional Agricultural Credit Corp. 202 Minn. 433, 278 N. W. 896;

Union Public Service Co. v. Village of Minneota, 212 Minn. 92, 2 N. W. (2d) 555.

So the inquiry here must necessarily be whether under the pleadings and the record in this case any kind of a cause of action can be spelled out.

Plaintiffs were month-to-month tenants. Defendant as landlord complied with all the legal requirements necessary under the state unlawful detainer statute to recover possession. Plaintiffs do not contend otherwise. It is clear, therefore, that no action based on a claim of illegal eviction could be maintained by plaintiffs if based solely on the unlawful detainer proceedings. They do make a claim under M. S. A. 557.08, which reads:

"If a person who is put out of real property in a forcible manner without lawful authority, * * * shall recover damages therefor, judgment may be entered for three times the amount at which the actual damages are assessed."

It is apparent from the plain language of this section that it gives no cause of action by itself. It only permits the recovery of three times the amount of actual damages where a person is put out of real property in a forcible manner and recovers damages therefor. This section assumes a good cause of action for damages caused by a forcible eviction. In the case before us, the complaint itself and the evidence reveal that plaintiffs' eviction was secured peaceably. No eviction by force was alleged or proved. Without going into detail, it is sufficient to say that Davis v. Woodward, 19 Minn. 137 (174), cited by plaintiffs in support of their proposition, is not in point. That case was decided under a statute which is now M. S. A. 566.02. That section gives the wronged party a right to recover possession only. It contains no provision giving a right to recover damages for a wrongful eviction, as claimed here. We can find nothing in the statutes of this state which gives plaintiffs a right of action.

Plaintiffs seem to rely chiefly upon their claim that the complaint alleges and the evidence supports an unlawful eviction under the

Housing and Rent Act of 1948. No lease or contract was broken. There was no tortious interference with possession. A proper notice was given, and plaintiffs moved out after a writ of restitution had been issued and before it was served. It is plaintiffs' contention that in spite of those facts the eviction was unlawful because defendant did not in good faith recover the premises for his own personal use and occupancy in compliance with § 1899 of the 1948 act. In other words, their claim is that the federal act created a cause of action under the complaint and the facts as we have them here.

Although no case has been found in which a court has squarely held that the 1948 act gives tenants no cause of action for damages for an eviction secured in violation of § 1899 thereof, the court, speaking through Chief Judge Nordbye, in Woods v. Gate City Agency, Inc. (D.C.) 86 F. Supp. 435, 438, said in discussing the court's jurisdiction to award damages to a tenant in a suit by the housing expediter for an injunction:

"* * * no action would lie under the penalty section for the type of damages sought here. Fleming v. Posternock, D. C., 71 F. Supp. 821. This Court long has possessed the equitable power, aside from specific statutes, to grant damages with an injunction. Because the statute here does not take away that power, this Court possesses that power in this action."

Earlier in the opinion, the court, relying upon the decision in Porter v. Warner Holding Co. 328 U. S. 395, 66 S. Ct. 1086, 90 L. ed. 1332, said (86 F. Supp. 438) :

"* * * No provisions in the Rent Act of 1947, as amended, restrict this Court's equitable powers to grant the requested type of damages in injunctive cases like the instant one."

It is apparent from the provisions of § 1895 of the 1948 act that no civil remedy to a tenant is provided by the act in express terms. The section entitled "Recovery of Damages by Tenants" gives tenants no right to recover damages for wrongful eviction. It provides

only for recovery of damages for over-ceiling rent charges. See, 47 Col. L. Rev. 1118, 1154-1155.

The fact that plaintiffs, in our opinion, have no cause of action as here asserted under the state statutes or under the Housing and Rent Act may not be conclusive against their claim. If by any reasonable inference a common-law cause of action can be spelled out of the matter pleaded and the evidence submitted, recovery should be permitted as against a motion for judgment notwithstanding the verdict based on the ground that the evidence supports no cause of action where whatever was litigated was litigated by consent.

This brings us to a consideration of the question whether plaintiffs' complaint and the evidence adduced is sufficient to support any common-law remedy such as abuse of process, malicious prosecution, or fraud and deceit. The evidence supports the allegations of the complaint, and that only. If the evidence supports no common-law remedy which may have been litigated by consent, we see no basis for recovery by plaintiffs. The complaint does not allege, and the evidence fails to support, a cause of action for malicious prosecution. The judgment in the unlawful detainer action was unfavorable to these plaintiffs. One of the necessary elements for recovery in a malicious prosecution action is that the action terminated in favor of plaintiff. Here it did not terminate in favor of plaintiffs. Hence no recovery may be had on that basis. Pixley v. Reed, 26 Minn. 80, 1 N. W. 800; Virtue v. Creamery Pkg. Mfg. Co. 123 Minn. 17, 142 N. W. 930, 1136, L. R. A. 1915B, 1179; Martin v. Cedar Lake Ice Co. 145 Minn. 452, 177 N. W. 631.

The complaint does not allege a cause of action for abuse of process, and the evidence is insufficient to support a recovery on that theory. The only process involved in the unlawful detainer action was the original summons and complaint. No writ of restitution was served on plaintiffs. To constitute a cause of action for this tort, it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended or to

compel defendant to do some collateral thing which he could not legally be compelled to do. Hoppe v. Klapperich, 224 Minn. 224, 28 N. W. (2d) 780, 173 A. L. R. 819. The gist of such an action is the misuse or misapplication of the process, after it has once been issued, for an end other than that which it was designed to accomplish. Since no writ of restitution was served on plaintiffs, that process was not used, and therefore there could have been no abuse of it.

In Tranchina v. Arcinas, 78 Cal. App. (2d) 522, 178 P. (2d) 65, on facts almost identical with those in the instant case, the court upheld a recovery for abuse of process, not on the ground that there was any wrong in securing judgment in an unlawful detainer action, but because the writ of restitution was perverted to a purpose not contemplated by the court which issued the writ. The writ in that case was actually served. In the words of the court (78 Cal. App. [2d] 524, 178 P. [2d] 67) :

"* * * The wrong was only done when by the use of the writ of possession defendants evicted plaintiffs from their home, not for the purpose of occupying it themselves as contemplated by the wartime emergency regulations but for an ulterior purpose in circumvention of those regulations."

Whether a cause of action in fraud and deceit can be spelled out of the complaint or can find support in the evidence is our next inquiry. There is no allegation in the complaint that plaintiffs relied on defendant's representation in his notice to vacate that he needed the premises for his own use. A necessary element of a deceit action by the tenant is proof of reliance on the representations of the landlord. Wann v. Northwestern Trust Co. 120 Minn. 493, 139 N. W. 1061. Most of the cases which have allowed a recovery in a cause of action for deceit involved situations where the tenant, without litigation, either vacated voluntarily upon receipt of an eviction notice or after a hearing before the price administrator on a landlord's petition for a certificate of eviction. The earlier OPA statute required a certificate of eviction from the price admin-

istrator before a landlord could proceed. In those cases, it could be said that the tenants vacated in reliance upon a fraudulent representation by the landlord. In the instant case, plaintiffs did not rely upon the truth of the landlord's representations. They directly challenged his claimed rights in the action for unlawful detainer. Once that action was decided in favor of the landlord, plaintiffs vacated the apartment at the expiration of the stay, not in reliance on any representation by the landlord, but because they anticipated the service of a writ of restitution following a judgment in favor of the landlord.

In Trepanier v. Hujber, 134 Conn. 24, 54 A. (2d) 275, defendants served plaintiff with a notice to vacate before a certain day because they, as owners, claimed they wanted the apartment for themselves. Plaintiff moved out, relying on defendants' statement. It developed that defendants' claimed reason was false. In an action based on fraud and deceit, the court held that the question of fraud and deceit was properly submitted to the jury.

In Reid v. Brown, 24 N. J. Misc. 350, 352, 49 A. (2d) 311, 313 (district court), plaintiff moved out after defendant, upon false representations, secured a certificate from the OPA permitting defendant to dispossess plaintiff. The court stated that a "cause of action in deceit can also be spelled out. Defendant made her representations to plaintiff as well as to the OPA." Plaintiff had acted on the representations. The court stated that the cause of action was not statutory, but based on common-law principles. In addition to the above as a basis of recovery, the court allowed recovery on the ground that "Depriving a party of a statutory right by fraud is no less a remediable injury than depriving him of the benefits of a contract." See, Nyulassie v. Mozer, 85 Cal. App. (2d) Supp. 827, 193 P. (2d) 167; Teare v. Sussman, 120 Colo. 488, 210 P. (2d) 446.

In Gabriel v. Borowy, 324 Mass. 231, 237, 85 N. E. (2d) 435, 440, a leading case on our fact situation, except in the respect that plaintiff there was actually evicted, the court said:

"* * * But the fraud was not actionable unless the plaintiff believed the defendants' representation that they desired possession of his tenement for their own use and, relying upon the representation, was thereby induced to vacate the tenement. Reliance of the plaintiff is the connecting link between the defendants' fraud and the plaintiff's damage. It is at this point that the declaration fails."

In that case, the court also held that a tenant had no statutory right under the Housing and Rent Act of 1947 to recover damages for wrongful eviction and that the complaint failed to set forth a cause of action for malicious prosecution, or for abuse of process.

In a later Massachusetts case, Noyes v. Shanahan, 325 Mass. 601, 91 N. E. (2d) 841, the court reaffirmed the position it took in Gabriel v. Borowy, *supra*. Massachusetts adopted a statute as follows:

"Any person who recovers possession of premises used for dwelling purposes * * * on the misrepresentation to the court that he intends to use said premises for his own use shall be guilty of contempt of court." Acts of Massachusetts 1948, c. 2, § 4.

The statute provides no compensation to the tenant for his damages.

In New York, in the absence of a statutory remedy, one cannot maintain an action of tort on account of the procurement by fraud of a judgment of possession where stay of execution was granted at the request of the tenant. David v. Fayman, 273 App. Div. 408, 78 N. Y. S. (2d) 188, affirmed, 298 N. Y. 669, 82 N. E. (2d) 404; see, also, Rosenbluth v. Sackadorf, 190 Misc. 665, 76 N. Y. S. (2d) 447, reversed, 274 App. Div. 794, 79 N. Y. S. (2d) 524, affirmed, 298 N. Y. 761, 83 N. E. (2d) 158. A statute adopted in New York after the above decisions protects tenants against evictions in bad faith under the Housing and Rent Act of 1948. The New York statute reads as follows:

"Where a tenant has been removed from any housing accommodations by action or proceeding to evict or recover possession, * * * and where a judgment or order * * * was granted upon the ground that the landlord seeks in good faith to recover possession * * *

for his immediate and personal use, * * * and if such landlord * * * shall fail, after thirty days subsequent to removing such tenant * * * to occupy * * *, or if such landlord shall * * * rent such space or permit occupancy thereof by a third person within * * * one year * * *, such landlord shall be liable to the tenant for all damages sustained on account of such removal." Laws of New York 1948, c. 213 (Civil Practice Act, § 1444-a), as amended by Laws of New York 1949, c. 779.

This statute is an indication that in the legislative opinion of New York, outside of legislative action, no recovery may be had by a tenant for such damages as are sought here.

There can be no doubt that plaintiffs here suffered a wrong, taking the facts most favorable to them, but on the basis of those facts and the allegations of the complaint, we are aware of no legal ground that can give them the relief they seek.

In view of our disposition of the case, consideration of the other questions raised is unnecessary.

Order reversed with direction to enter judgment for defendant notwithstanding the verdict.