ROBERT BEDELL, (Plaintiff) Appellant, v. HARRY A. DAUGHERTY, (Defendant) Respondent, No. 42410—242 S. W. (2d) 572.

Division One, October 8, 1951.

*Carl L. Anderson* and *John J. Cosgrove* for appellant.

*Al Lebrecht* for respondent.

 LOZIER, C.—Plaintiff sued for $10,000 damages for alleged wrongful eviction from an apartment. He appeals from the dismissal, with prejudice, of his petition for failure to state a claim upon which relief could be granted.

The issue submitted here was whether the petition showed an unlawful constructive eviction of plaintiff-tenant based upon defendant-landlord's alleged false and fraudulent representation to the federal area rent director. However, as will appear, whether there was a constructive eviction is not decisive. It is not necessary to rule the eviction issue, including defendant's contention that the federal housing and rent acts vested in plaintiff no right to sue for wrongful eviction. See Gabriel v. Borowy, 324 Mass. 231, 85 NE 2d 435; Fleming v. Posternock, (D. C. Pa.) 71 F. Supp. 821; Leidy v. Connor, (D. C. Pa.) 70 F. Supp. 1022; Behrendt v. Rassmussen, (Minn.) 47 NW 2d 779.

The federal housing and rent control acts referred to in the petition appear in 50 USCA App., Secs. 1881 ff. The regulation was issued under Sec. 1899. It provides that a tenant may not be removed or evicted unless the landlord secures a certificate authorizing him to "pursue his remedies in accordance with the requirements of local law." The landlord-owner must establish "that he seeks in good faith to recover possession" of the housing facilities "for his immediate and personal occupancy as housing accommodations," and the housing expediter must so find and so certify. See Federal Register, April 5, 1949.

Plaintiff alleged that: He occupied an apartment as defendant's tenant; on July 20, 1950, defendant petitioned the federal area rent director "for a certificate relating to the eviction of plaintiff from said apartment as a home, stating that he desired possession. of said apartment for his personal dwelling place; acting upon said petition, and believing the same to have been made in good faith, the area rent director, on August 1, 1950, issued a certificate to defendant authorizing him to evict plaintiff from said apartment and caused a copy of said certificate to be served on plaintiff; prior to making defendant's application for the certificate, defendant had orally demanded that plaintiff move from said apartment and stated that he desired to live therein; on account of the housing shortage existing in Kansas City at the time, defendant was confronted with the problem of finding a place to live; an opportunity came to him to purchase a home within his income, which opportunity he feared he would lose if he waited until the defendant had exhausted his legal remedies to evict plaintiff from said apartment; by reason of the foregoing and for the further reason that upon the issuance of said certificate plaintiff was subject to forceful eviction from said premises if he did not voluntarily move therefrom and, believing that defendant was in good faith in making the application for eviction and that defendant intended to occupy the premises, and knowing that if defendant was in good faith he could forcibly evict plaintiff, and desiring to avoid the expense, humiliation and inconvenience of a forcible eviction, plaintiff acceded to defendant's demand that he vacate the apartment and, on September 2, 1950, began to move; while plaintiff was moving his furniture out of the apartment, defendant came to inspect the apartment, but at no time indicated to plaintiff that he, defendant, had changed his mind about desiring possession of the premises for his own use."

Plaintiff pleaded that: a regulation of the federal housing expediter "provides that so long as a tenant continues to pay the rent to which a landlord is entitled, he shall not be removed therefrom, except where the owner of the housing accommodations establishes that he seeks in good faith to recover possession thereof for his immediate personal use and occupancy as housing accommodations"; defendant, "for the purpose of evicting plaintiff, falsely, fraudulently and maliciously represented to the area rent director that he desired the apartment as a home for himself, when in truth and in fact he had no intention of occupying it, has not occupied it and has rented it to another person; by reason of his unlawful eviction, plaintiff was caused to suffer grievous annoyance and anxiety because of his inability to obtain a place in which to live; he was obliged to borrow money to finance the purchase of a home, and to pay therefor an amount in excess of $2,000 of its actual value, and to incur heavy expenses for insurance, interest, commissions and additional furniture; all to his damage in the sum of $5,000." He also claimed $5,000

punitive damages "because of the unlawful, fraudulent and malicious eviction."

"A motion to dismiss a pleading admits, for the purposes of the motion, the truth of all facts well pleaded in the pleading attacked and any inferences fairly deducible therefrom." 71 CJS, Pleading, Sec. 451, p. 906. Upon motion to dismiss a petition for failure to state facts upon which relief may be granted, we construe the petition most favorably to plaintiff. Martin v. Potashnick, 358 Mo. 883, 217 SW 2d 379; New v. South Daviess County Drainage Dist. of Daviess County, 240 Mo. App. 807, 220 SW 2d 79.

We believe that this petition states a claim based upon fraud and deceit. "Ignoring the imperfections and uncertainties of the petition and according its allegations with every reasonable and fair intendment, it is not to be said that the facts stated would not invoke the application of principles of substantive law which would entitle plaintiff to the relief he seeks." Gerber v. Shutte Inv. Co., 354 Mo. 1246, 194 SW 2d 25. The instant petition clearly avers that plaintiff was induced to vacate the apartment because of defendant's conduct, including his alleged false representations to the rent director and to plaintiff.

The elements of an action for fraud and deceit are well established. See Lowther v. Hays, (Mo. Sup.) 225 SW 2d 708. "It is essential to state a cause of action of that character to aver that such representations were false and so known to be by the defendant, and that such representations were made with the intention of deceiving plaintiff, and that plaintiff was deceived thereby, and, relying upon such promises and representations, he was induced to act to his injury." Remmers v. Remmers, 217 Mo. 541, 117 SW 1117.

The factual allegations of the instant petition and the inferences reasonably drawable therefrom contain all of these essentials. The petition alleged that defendant's representations, directly to the rent director and indirectly to plaintiff through his copy of the certificate, were knowingly false, fraudulent and malicious; that they were made for the purpose of causing plaintiff to vacate; that defendant made similar misrepresentations orally to plaintiff and had demanded that plaintiff vacate; that plaintiff believed that defendant was in good faith; that plaintiff had no knowledge of the falsity of the representations; that in reliance upon the misrepresentations plaintiff did vacate; and that plaintiff sustained damages as a result thereof.

Both the materiality of the misrepresentations and plaintiff's right to rely thereon are obvious. "The misrepresentation of the defendant's proposed use of the plaintiff's tenement was a misrepresentation of a material fact." Kilroy v. Barron, (Mass.) 95 NE 2d 190. The tenant is "justified in relying upon the representations of the landlord reenforced by the Certificate Relating to Eviction, and as an obedient citizen, seeking other quarters and taking them when he

can find them, notwithstanding the expense involved." Bernofsky v. Rabinowitz, 77 NYS 2d 608.

In Teare v. Sussman, 120 Colo. 488, 210 P. 2d 446, appellant's second assignment was that the misrepresentations to plaintiff were of future intention, not of past or existing facts. "As to the second objection, the representations alleged," said the court, "were not merely as to future intentions, but were false statements as to existing facts. Where a present intention, even though as to future conduct, is predicated ▋▋▋ upon or evidenced by false statements as to existing facts, such statements, if relied on, constitute actionable fraud." This is the rule in Missouri. Thieman v. Thieman, (Mo. Sup.) 218 SW 2d 580.

A defendant's false representation need not be the sole inducing cause. It is sufficient that it be one of the factors influencing the plaintiff's action. Jeck v. O'Meara, 343 Mo. 559, 122 SW 2d 897; Ralston Purina Co. v. Swann, (Mo. App.) 161 SW 2d 39.

The instant petition shows that defendant made the same misrepresentations to the rent director and to plaintiff, both directly and indirectly. A tenant induced to vacate by a landlord's false representations to the rent director has an action for fraud and deceit. Reid v. Brown, 24 N. J. Misc. 350, 49 A. 2d 311; Bernofsky v. Rabinowitz, 77 NYS 2d 608; Alabiso v. Schuster, 273 App. Div. 655, 80 NYS 2d 314; Nyulassie v. Mozer, 85 Cal. App. 2d 827, 193 P. 2d 167. (Contra, Rosenbluth v. Sackadorf, 298 N. Y. 761, 83 NE 2d 158.)

So, too, has a tenant induced to vacate by false representations as to intended use made solely to the tenant by the landlord. (Contra, Ferguson v. Buddenberg, 87 Ohio App. 326, 94 NE 2d 568.) In the following cases, the landlord did not procure the issuance of the certificate and his representations as to intended use were made in his written notice to vacate. Behrendt v. Rassmussen, supra; Kilroy v. Barron, supra; Berenson v. Mahler, (Mass.) 93 NE 2d 740; Trepanier v. Hujber, 134 Conn. 24, 54 A. 2d 275. In Gabriel v. Borowy, supra, the misrepresentations were made, apparently, in the landlord's "action of eviction."

This petition involves no challenge to the validity of the rent director's certificate. As in Alabiso v. Schuster, supra: "In this action, the plaintiff does not seek to set aside the certificate. He recognizes its finality. * * * The fraud is essentially in the deceitful method employed to obtain the certificate and in its use." See Teare v. Sussman, supra. A misrepresentation may be made by conduct calculated to mislead and to fraudulently obtain an undue advantage. Jones v. West Side Buick Auto Co., 231 Mo. App. 187, 93 SW 2d 1083.

In Teare v. Sussman, supra, the misrepresentations were made only to the plaintiff, no certificate was issued, no notice to quit was given and no eviction proceedings were filed. Said the court: "It

is not required that plaintiff act from compulsion but only from inducement of the false representations. It was not necessary * * * that the court also be defrauded into issuing a writ or that the Office of Price Administration be defrauded into authorizing eviction. Such action by the court or of the Office of Price Administration, if procured, would be relevant * * * only as evidence of further, but not necessary, steps in the scheme to defraud."

While defendant did not brief the point, he suggested in his oral argument that plaintiff had waived his rights by failing to appeal from the rent director's decision. "One who has been injured by fraud always has the right to accept the situation created by the fraud and seek to recover damages." Branner v. Klaber, 330 Mo. 306, 49 SW 2d 169.

As said in Alabiso v. Schuster, supra: "Whether this plaintiff will be able to prove his allegations and what his damages may be do not here concern us. We are only saying that the complaint states a cause of action."

We hold that the instant petition states a claim upon which relief may be granted. Accordingly, the judgment is reversed and the cause is remanded. *Van Osdol* and *Coil, CC.*, concur.

PER CURIAM:—The foregoing opinion by LOZIER, C., is adopted as the opinion of the court. All the judges concur.