248 S.W.2d 6 (1952)
THOMSEN et al.
v.
MILL et al.
No. 21659.
Kansas City Court of Appeals. Missouri.
March 3, 1952.
*7 Cortner & Beals, Perry M. Cortner, and Dwight Beals, all of Kansas City, for appellants.
Edwin Earnshaw, Roy K. Dietrich, and Dietrich, Tyler & Davis, all of Kansas City, for respondents.
DEW, Judge.
The trial court sustained defendants' motion to dismiss plaintiffs' petition. The motion asserted that the petition stated no ground for relief for the reason that it appears on the face of the petition that the cause of action is barred by statutory limitation, and on the ground of res judicata. Plaintiffs have appealed.
Plaintiffs' petition states that on or about October 1, 1949, they rented from defendants a certain dwelling in Kansas City for the period beginning November 1, 1949, and ending November 1, 1950, and as rental therefor paid to defendants $1800 in advance; that under the regulations of the National Housing Act then affecting said premises, the maximum rent therefor was $60 a month; that plaintiffs at that time did not know the amount of rental that could lawfully be charged for said premises; that defendants maliciously, willfully and unlawfully failed so to inform the plaintiffs and led them to believe the rental so paid was lawful; that plaintiffs believed and relied on defendants' representations that the rental so charged was lawful and by reason of said fraudulent representations plaintiffs have been damaged in the sum of $1080 actual damages, and are entitled to $3000 punitive damages, a total of $4080, for which the plaintiffs pray judgment.
Defendants' motion to dismiss the above petition alleges that the statutes of the *8 United States upon which plaintiffs rely for their cause of action provide that such action must be brought within one year from the date of the overcharge of rent; that the petition states the rent was paid October 24, 1949, and the summons of this cause shows issuance on January 31, 1951, more than one year after the payment of said overcharge; that the records concerning the ceiling rental rates under such statutes are public and open to the plaintiffs as well as to the defendants; that defendants were not advised of such ceiling rate at the time of making the lease, nor until this suit was filed; that the ceiling rate has since been raised by the area rent director to $110 a month, which now prevails.
The motion to dismiss the petition further alleges that this action is frivolously brought inasmuch as on October 25, 1950, the plaintiffs filed suit on this cause of action in the United States District Court for the Western Division of the Western District of Missouri, which court, on January 6, 1951, on motion of these same defendants, dismissed the petition in those proceedings on the grounds of limitations aforesaid, and that on March 19, 1951, without notice to the defendants or opportunity for them to be heard, and after the filing of the instant suit, caused the order of the said United States District Court to be amended to provide that said cause therein be dismissed without prejudice; that the present suit is brought to harass these defendants, there being a final judgment herein.
The sections of the National Housing Act, as amended, referred to in the plaintiffs' petition, 50 U.S.C.A.Appendix, § 1895, provide, subsection (a), among other things, that any person who demands, accepts, receives or retains any payment of rent in excess of the maximum rents fixed under the Act, shall be liable to the person so paying the same for reasonable attorneys' fees and costs as determined by the court" * * * plus liquidated damages in the amounts of (1) $50, or (2) not more than three times the amount by which the payment or payments demanded, accepted, received or retained exceed the maximum rent which could lawfully be demanded, accepted, received, or retained, as the court in its discretion may determine, whichever in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation"; and provide further, subsection (c), that "Suit to recover liquidated damages as provided in this section may be brought * * * within one year after the date of violation".
If the plaintiffs' petition before us discloses on its face that the cause of action pleaded therein was then outlawed by statutory limitation, the petition was properly dismissed and consideration of the other grounds of the motion would not be required. Plaintiffs take the novel position that they can and did avail themselves of a landlord's liability created by the provisions of the Act quoted, but that they are not bound by the one year limitation prescribed in the same statute for the bringing of an action to recover on such liability. They contend that having stated a cause of action containing all the elements required to recover actual and punitive damages on the basis of fraud and malice, they are bound only by the statute of limitations of Missouri, Section 516.120, RSMo 1949, V.A.M.S., wherein it is provided that actions for relief on the ground of fraud accrue upon discovery of the fraud by the aggrieved party, and that the suit may be brought thereon within five years thereafter.
The plaintiffs in their petition specifically assert that the maximum rental rate was determinable under the National Housing Act, and upon such determination they calculate and state their alleged liquidated actual damages. The fact is that if they have any cause of action at all for the recovery of payments in excess of the maximum so established by that Act, plus any multiple thereof, such cause of action must necessarily be founded on the landlord's liability created by that Act. Without such emergency law of Congress the rental agreement pleaded would have been absolutely valid and binding on all parties, there would have been no maximum rental ceiling, *9 no excess rentals paid by the plaintiffs, no violation of plaintiffs' rights, no liability on the defendants' part, and no basis for penalty or punitive damages under the facts pleaded. The basic substantive rights on which the petition is based are those only which are created under the federal law referred to in the petition. The further pleading of malice and fraud as a basis for recovery of the damages, actual or punitive, does not alter the fundamental character of the cause of action stated.
Plaintiffs rely strongly on the recent opinion of the Supreme Court of Missouri in Bedell v. Daugherty, Mo.Sup., 242 S.W. 2d 572. In that case the plaintiff sued for $10,000 damages for wrongful, constructive eviction, on the ground that the defendant landlord had fraudulently and maliciously procured from the federal rent director a certificate for self-occupancy when he did not intend to occupy the premises and did not do so, and by reason of such fraudulent acts induced the plaintiff to vacate and to expend and become obligated to pay large sums to buy another house and to equip and furnish the same. The Supreme Court ruled that the petition stated a cause of action for fraud and deceit.
Subsection (b) of Section 1895 of the National Housing Act applies to unlawful evictions under the Act and authorizes damages therefor of three times one month's rent not to exceed $150, but the Act does not purport to create nor to affect any existing liability of the landlord for damages to the tenant for fraudulent procurement or use of the rent director's certificates, process or orders. In the Bedell case, supra, 242 S.W.2d at page 575, it is said: "`plaintiff does not seek to set aside the certificate. He recognizes its finality. * * * The fraud is essentially in the deceitful method employed to obtain the certificate and in its use.'" In the instant case plaintiffs' primary complaint is the overcharge under the Act, subsection (a), with allegations of fraud and malice attending such violation. For such excess charge over the legally fixed maximum under its provisions the Act creates a liability of the landlord therefor, provides the remedy and contains its own punitive provisions. The cause pleaded in the Bedell case for damages for fraud and deceit in the procurement and use of the instrumentalities of the Act, is plainly distinguishable from the case at bar which is bottomed on the exaction of rent in excess of the lawfully fixed maximum established under the Act. In the Bedell case the cause of action had its source in the common law, but not in the National Housing Act. In the case at bar, the cause of action has its source in that Act, but not in the common law. In the Bedell case it was immaterial that the process, fraudulently procured, was a certificate of eviction issued by the rent control director, since eviction process fraudulently obtained from any other source would have sufficed in that case, if its fraudulent procurement and use induced the tenant to vacate. The National Housing Act was only incidentally involved. No maximum is fixed by law in the recovery of damages in such case. On the contrary, in the suit at bar, the indispensable element is that the defendants violated the National Housing Act, to plaintiffs' damage, whether maliciously, fraudulently, or otherwise, by receiving rents in excess of the maximum fixed by that Act, for which the Act, not the common law, creates a liability and limits the damages recoverable therefor. It is our conclusion that the case at hand arises under and is based upon the National Housing Act.
It has been said: "Where by statute a right of action is given which did not exist by the common law, and the statute giving the right fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition on such right, and will control, no matter in what forum the action is brought, and such rule does not make the general provisions of the statute of limitations existing in the jurisdiction where the liability was created operate extraterritorially." 53 C.J.S., Limitations of Actions,§ 30, p. 975. In this connection the same authority states: "So, if congress has the right to legislate on a cause of action, it has the right to make that legislation the law of all courts *10 into which such case may come, including a period of limitation for bringing the action. Where congress has prescribed a period within which an action may be brought under a federal statute creating the right of action, the provision will be regarded as one of substantive right setting a limit to the existence of the obligation arising under the statute, and in such a case an action may be brought in a state court within the period prescribed by federal statute, even though it would be barred by limitations of the state." 53 C.J.S., Limitations of Actions, § 32, p. 980.
In discussing the particular federal statute in question the United States Circuit Court for the Tenth Circuit said in Matheny v. Porter, 158 F.2d 478, 479: "[1] But here, section 205(e) creates a new liability, one unknown to the common law and not finding its source elsewhere. It creates the right of action and fixes the time within which a suit for the enforcement of the right must be commenced. It is a statute of creation, and when the period fixed by its terms has run, the substantive right and the corresponding liability end. Not only is the remedy no longer available, but the right of action itself is extinguished. The commencement of the action within the time is an indispensable condition of the liability. (citations). [2] In a case of this kind brought under the provisions of a statute creating the right of action where none previously existed and qualifies the right of action by requiring that the suit to enforce it be brought within a limited time, it must affirmatively appear from the face of the complaint that the action was commenced within the prescribed time."
Meyercheck v. Givens, 7 Cir., 180 F.2d 221, at page 223, construed the federal statute in question to confine the tenant to overcharges paid within one year prior to the commencement of the suit, and said: "For overcharges made prior to this one year period, the Act provides no remedy for the tenant and as to such overcharges there can, in our view, be no recovery."
It appears from the overwhelming weight of authority that the limitation provision in Section 1895 of the National Housing Act is a condition precedent to the exercise of the right of action so created, and that any cause of action under that statute expires and becomes extinguished after the lapse of such limitation period. According to plaintiffs' petition the payment complained of was made October 24, 1949. This action was commenced January 31, 1951. Thus the right of action, when instituted, had been and was extinguished and the suit was barred by limitation.
In view of the foregoing, it becomes unnecessary for us to discuss the other points contained in the briefs. The judgment of dismissal is affirmed.
All concur.
On Motion for Rehearing
Plaintiffs renew their contention that their petition states a cause of action "at common law on the fraudulent violation of the National Housing Act [50 U.S. C.A.Appendix, § 1881 et seq.]"; that the action stated does not arise under that Act, and they admit that if the cause stated arose out of that Act, it would be barred under its provisions. They again assert their reliance upon Bedell v. Daugherty, Mo.Sup., 242 S.W.2d 572, as authority.
Furthermore, in their motion plaintiffs advise the court that on the same date the Bedell case was decided, Division Two of the Supreme Court handed down a decision in a similar case, Powers v. Shore, Mo.Sup., 248 S.W.2d 1, wherein a majority of the court ruled that the petition in that case did state a cause of action, and have transferred the case to the court en banc, where it is now awaiting final determination. Plaintiffs here, through their able counsel, ask that if their motion be not sustained, our ruling on the motion for rehearing in the case at bar be deferred until the final determination of the Powers case, or, in the alternative, that we transfer this cause to the Supreme Court.
A copy of the opinion by Division Two of the Supreme Court in Powers v. Shore, Mo.Sup., 248 S.W.2d 1, has been supplied us. In its present status the opinion is no authority on the law involved, but we may accept for present purposes the description of the pleadings as outlined *11 in the opinion. The substance of the petition in that case is that the plaintiffs were month to month tenants of the defendant in premises subject to the Federal law governing housing accommodations; that the defendant served the plaintiffs with "notices" to vacate on a certain date; that the "notices" stated that the ground under Section 209(a) of the Federal Act upon which plaintiffs "were to surrender possession" was that defendant in good faith "seeks" the immediate use of the premises as a home. It was further alleged that defendant, at the time knew the statements in the "notices" were false and designed to obtain a wrongful eviction; that plaintiffs relied on the "notices" and vacated; that defendant had never occupied the premises as required by the Federal Act. The prayer was for $15,000 actual and $10,000 punitive damages. The opinion by R. B. Oliver, III, special judge, holds that there is no common law action for eviction for fraudulent representations under the Missouri law, where the landlord complies with the statutes regarding notice, and that neither did the Federal Housing Act afford any remedy under the facts pleaded. It holds that the petition states no cause of action and, further, that the evidence was insufficient. Two judges dissented from the conclusion of the writer that the petition failed to state a cause of action, but concurred in the further finding that the trial court properly directed a verdict for the defendant on the evidence. Plaintiffs in that case conceded that the National Housing Act afforded them no remedy; admitted that their cause did not arise out of that Act, but contended it was a valid cause of action at common law for fraud and deceit.
Unlike the case at bar, the petitions in the Powers and Bedell cases plainly did not arise under the National Housing Act and there was no contention that they did. The Act was only incidentally involved in both, and the abuse of its provisions was merely incidental as forming a link in the alleged fraudulent representations to the plaintiffs, which were the real bases of the suits for fraud and deceit at common law. As said in the Bedell case, supra, 242 S.W.2d at page 575, quoting from a previous case, Teare v. Sussman, 120 Colo. 488, 210 P.2d 446, "`It was not necessary that * * * the Office of Price Administration be defrauded into authorizing eviction. Such action * * of the Office of Price Administration, if procured, would be relevant * * * only as evidence of further, but not necessary, steps in the scheme to defraud.'"
As pointed out in our opinion in the instant case, the recovery here sought is the rental payments made in excess of the maximum arbitrarily fixed by the National Housing Act, for which that Act and no other statute or law creates a liability and provides the remedy and limitations, although the plaintiffs here, by pleading fraudulent withholding of knowledge of such excess, also seek substantial punitive damages. Unlike either the Bedell or Powers case, this action is directly and squarely based on the violation of the National Housing Act. The only punitive damages recoverable in such an action are such as are included in the provisions of the Act allowing judgment for three times the excess. On the other hand, the Bedell and Powers cases are actions for damages for vacation of premises obtained through the fraudulent procurement or use of false process claimed or pretended to be authorized by the Price Administration under the National Housing Act, for which that Act provides no remedy and for which the remedy, if any, must be found in the common law. See also, Meriwether v. Lumbard, Mo.App., 246 S.W.2d 363.
It is our conclusion that neither the Bedell nor the Powers case is applicable, and that the final determination of the latter would not affect the instant case. For that reason we feel we are not justified in deferring disposition of the plaintiffs' motion for rehearing. The motion for a rehearing is overruled and the request for transfer denied.
All concur.